### Eli Maynard *vs.* William Pease & others.

A factor received tobacco for sale, and agreed not to sell it for less than forty cents per pound, and to hold it subject to his principal's orders until sold at that price. He did not sell it at that price, nor obey the orders of his principal in relation to it, and refused to return it on demand. At the time of the demand it was worth forty cents per pound. In an action by the principal against the factor on the agreement, the defendant requested a ruling that, if he sold any of the tobacco for less than forty cents per pound, he was liable only for its fair market value at the time of sale. This the judge refused; and ruled, in substance, that the plaintiff might recover, for the loss sustained by the failure to obey his orders, not exceeding forty cents per pound, or the market value of the tobacco at the time when the return was demanded; and that the increase of market value up to forty cents per pound before the demand for a return was an item of damage. *Held*, that the defendant had no ground of exception.

Foster, J.   This is a bill of exceptions, and is expressly stated not to be a report of all the evidence. The plaintiff has been permitted to obtain a verdict on the last count in his amended declaration, which alleges that the defendants as factors received his tobacco, and agreed that they would not sell it

at less than forty cents by the pound and would hold it subject to the plaintiff's order until they should sell it at that price; but that they did not sell it at that price, nor hold it subject to his order, nor obey his orders in relation thereto; and that he ordered them to forward it to him at Boston, which they refused to do; and that it was worth forty cents the pound at the time when they so refused; and that they have ever since refused to forward it or deliver it to him, and he has wholly lost it. The verdict of the jury establishes these allegations.

The only instructions open for revision relate to the measure of damages. The presiding judge was requested to rule that, if any tobacco was sold for less than forty cents the pound after that limit was imposed, the defendant would be responsible in damages only to the extent of the fair market value at the time it was sold. This he declined to do, except with modifications; and the rule of damages which he stated was, in substance, that the plaintiff might recover for the loss sustained by failure to obey his orders, not exceeding forty cents the pound or the market value at the time when the return of the tobacco was demanded; but that the increase of market value up to forty cents the pound before the demand for a return was an item of damage. We perceive nothing in this rule of which the defendants can justly complain. The sale of the tobacco below the limit of their authority was a breach of their agreement, and they cannot restrict the damages to the market value at that precise point of time. The injury may have consisted not in selling below the existing market price, but in choosing a time for sale when the market was depressed and a favorable price could not be realized. The consignor had a right to insist that the goods should be held until his price could be obtained.

We do not find it necessary to decide what rule of damages is absolutely correct. It has sometimes been said that the highest market price before action brought is the standard; at others that the highest value before the trial may be awarded. It is safe to say that the factor is at least liable for the highest market value of the goods within a reasonable time after a sale in violation of instructions. And in the present case there can be no

doubt that the time when the plaintiff demanded the return of the goods was soon enough after the defendants' disobedience of instructions to make the highest market price previous to that date a limit sufficiently favorable to the defendants.

*Exceptions overruled.*

*H. Morris,* for the defendants.

*G. M. Stearns & M. P. Knowlton,* for the plaintiff.

