GREENFIELD SAVINGS BANK *vs.* HENRY R. SIMONS.

Franklin. Sept. 19. — Nov. 25, 1882. ENDICOTT, LORD & FIELD, JJ., absent.

If the treasurer of a savings bank is instructed by a vote of the finance committee to sell certain rights to take stock in a corporation, the property of the bank, for not less than a sum named, and undertakes to do so, he acts as an agent of the bank, and not as a trustee, although he is also a trustee of the bank and a member of the finance committee; and if he immediately sells the rights to himself and other members of the committee for the price named, which is less than the market value of the rights, without making any attempt to procure purchasers at a higher rate, and pays to the bank the money so obtained, the bank may, without returning the money, maintain an action at law against him to recover the difference between the market value of the rights and the price obtained, but is not entitled to dividends paid on the stock represented by the rights.

The finance committee of a savings bank instructed, by vote, the treasurer of the bank to sell certain property of the bank at not less than a price named. The treasurer sold the property to himself and other members of the finance committee, for the price named, which was less than the market value of the property, and entered the amount on the cash-book of the bank. The vote was afterwards approved by the trustees. *Held,* that this approval was not a bar to an action by the bank against the treasurer to recover the difference between the market value of the property and the price paid, it not appearing that the attention of the trustees was called to the entry in the cash-book.

W. ALLEN, J. The defendant was authorized and instructed by the plaintiff bank to sell, for its benefit, its rights in the new stock in a national bank, and undertook the duty. In making the sale, he acted as the agent for the plaintiff to sell the specified property, and not as trustee. The facts that he was the

treasurer of the plaintiff, and that, as one of the trustees and a member of the finance committee, he took part in authorizing himself as treasurer to sell the rights, do not tend to show that, in making the sale, he acted as a trustee or a member of the committee, and not as agent.

In exercising his functions as agent, it was the duty of the defendant, and his promise was implied, to use reasonable fidelity, diligence and skill to sell to the best advantage of his principal. His authority was to sell for not less than a certain price, and his duty was to sell for as high a price as could be obtained by the exercise of reasonable diligence and skill. In executing this duty, he, immediately upon receiving authority, sold the rights to himself and other members of the committee which had authorized the sale, and who were all also directors in the national bank, at the minimum price authorized, without offering the stock to others, or making any attempt to find purchasers at a higher price. The report finds that the rights, sold for thirty dollars a right, had a cash value of forty-five dollars each, and would have realized that value in cash if properly exposed for sale. The court properly ruled that such acts, without proof of express fraud, were fraudulent in law, and that the plaintiff had a right to recover damages for the loss caused by them.

It appeared that the record of the doings of the finance committee authorizing the sale was read and approved at a meeting of the trustees, and that the amount received for the sale of the rights was entered on the plaintiff's cash-book by the defendant; and the defendant contends that the judge erred in not ruling, as matter of law, upon this evidence, that the plaintiff had affirmed and ratified the transaction. But we think that the refusal so to rule was clearly right. The vote was the authority under which the defendant acted, and it does not appear that the attention of the trustees was called to the entry upon the cash-book, or that any action was taken in regard to it.

The rule of damages laid down by the judge, that it was the difference between the sum for which the rights were sold and their cash value at the time of the sale, was correct. The plaintiff was not obliged to return the money, or to repurchase the rights, but may recover the actual damages occasioned to it by

the want of fidelity and diligence of the defendant. But this does not include dividends paid on the shares since the sale, and there was error in including them in the damages assessed. It appears upon the report that the plaintiff is entitled to recover $1050, and interest thereon from the time of the sale, January 26, 1880. If it remits so much of the damages as exceeds that amount, the entry will be judgment affirmed; otherwise, verdict set aside, and a new trial ordered as to damages only.

*Ordered accordingly.*

*A. L. Soule,* (*A. De Wolf* with him,) for the defendant.
*W. S. B. Hopkins & J. A. Aiken,* for the plaintiff.