HARRY B. EMMONS *vs.* ALFRED E. ALVORD & others.

Suffolk.    November 20, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A joinder in a general demurrer does not open to the defendant objections of form when the meaning and intent of the declaration are plain.

An understatement by a broker to his principal of the amount of an offer received, made with intent to appropriate or divert the difference, is an actionable tort, and the principal may recover from the broker any loss thereby sustained.

Those who conspire with another to commit an act which is a tort on his part, and help him to commit it, are jointly liable for the tort.

Where a broker employed to sell land reported to his principal an offer, from which he fraudulently omitted certain lots of land offered as part of the consideration, and the principal accepted the offer as falsely reported to him, and the broker, conspiring with others, procured the conveyance of the omitted lots for the benefit of the conspirators, the grantor of the lots supposing that he was conveying them for the benefit of the broker's principal as part of the price for his land, it was *held*, that the principal could recover from the broker and his co-conspirators the value of the lots of which he was deprived, that being the difference between what he received and what he ought to have received for his land.

In an action against a broker employed to sell land of the plaintiff and who, conspiring with others, fraudulently concealed from the plaintiff a portion of an offer made for his land, and fraudulently procured a conveyance for the benefit of the conspirators of certain lots which the owner had offered as part of the price for the plaintiff's land, it was *held*, that the purchaser of the plaintiff's land could testify that he intended the lots in question to go to the plaintiff and that he had no idea that the person to whom he conveyed them was a *bona fide* purchaser, it being necessary to deceive the witness in order successfully to defraud

the plaintiff. *So, also,* the testimony of the purchaser's lawyer was admissible, that he first knew after the papers were passed that the lots were not going to the plaintiff.

In an action of tort against several defendants, in which the plaintiff obtained a verdict, the presiding judge entered an order granting a new trial to two of the defendants and refusing it to the remaining defendants, provided the plaintiff should waive all damages above a certain amount before a day named. The plaintiff discontinued against the two defendants, to whom a new trial had been granted, and filed his waiver of damages within the terms of the order. *Held,* that exceptions to the order, filed by the other defendants within twenty days from the filing of the plaintiff's waiver but more than twenty days from the making of the order, were filed too late and could not be proved, since these defendants were aggrieved, if ever, when the order was passed.

TORT against six defendants for an alleged conspiracy to defraud the plaintiff. Writ dated June 22, 1897.

The case came up on appeal from a judgment of the Superior Court rendered by *Maynard,* J., overruling demurrers of four of the defendants to the declaration. Three of the defendants also alleged exceptions, which were allowed by the same judge, after a trial at which the plaintiff obtained a verdict. There was also a petition of four defendants to prove further exceptions.

The substance of the declaration is stated in the opinion of the court, and the material portions of the exceptions are also stated in the opinion.

The jury found a verdict of $9,917.31 against all the defendants, and the defendants moved for a new trial. After a hearing on this motion, the following order was made by the presiding judge on January 12, 1900 : " Verdict set aside and new trial granted as against defendants Simonds and Henderson. As against the other defendants the motion to set aside the verdict is overruled provided plaintiff shall on or before the first Monday of February, 1900 file in said case a waiver of all damages awarded by the jury above the sum of five thousand dollars. Otherwise the motion is allowed and verdict set aside as to them."

On January 31, 1900, the plaintiff filed a discontinuance against the defendants Simonds and Henderson and a waiver of damages above $5,000.

On February 19, 1900, the four defendants, to whom a new trial had been refused, filed exceptions to the order of January 12, 1900, above quoted. These exceptions were disallowed by

the judge.   The same defendants subsequently filed a petition to prove the last named exceptions, alleging that the exceptions were filed " within twenty days from the thirty-first day of January, 1900, when the order excepted to became effective through the filing of the plaintiff's waiver of damages, viz.: upon the nineteenth day of February, 1900."

*H. M. Williams*, for Alfred E. and Ralph F. Alvord.

*W. B. Grant*, for Hovey.

*J. F. Simmons*, for Isenbeck.

*W. H. H. Emmons*, for the plaintiff.

HOLMES, C. J.   This is an action of tort for a conspiracy to defraud the plaintiff in a sale and exchange of land between the plaintiff and one Merriman.   The defendants were one Hovey, the plaintiff's broker, Alfred E. and Ralph F. Alvord, brothers who purported to act for Merriman, one Isenbeck, who had had some relations to Merriman's land, and who stood behind the dealings between Hovey and the Alvords, and seems to have got the greater part of the illicit profits, Simonds, Isenbeck's tool, who received a conveyance from Merriman of land that the plaintiff says should have come to him, and Henderson, another disguise of Isenbeck's, to whom Simonds conveyed the same land.   Since the trial the plaintiff has discontinued as against Simonds and Henderson, so that the verdict now stands against the brokers and Isenbeck.   These defendants demurred to the declaration, and the first question arises on their appeal from an order overruling their demurrers.

We are of opinion that the order was right.   The substance of the declaration is as follows.   The plaintiff had some land in East Boston which he wished to sell, and Merriman was ready to give for it, and understood that he was to give for it, $3,000 cash, two lots of land on Middlesex Road in Brookline, a lot in Braintree, and three lots on Circuit Road in Brookline.   As the result of a conspiracy between the defendants, the plaintiff's broker, Hovey, represented to the plaintiff that Merriman's best offer was as above, omitting the three lots on Circuit Road, and the plaintiff, relying on Hovey's honesty, accepted it.   The plaintiff's land was subject to a mortgage held by a bank, and one term of the bargain was that the mortgage should be extended.   Neither the plaintiff nor Merriman cared to sign the

agreement for extension, and the defendant Simonds was suggested as a person to do it taking a conveyance from the plaintiff for the purpose and then conveying to Merriman. He was not supposed by the plaintiff or Merriman to have any interest in the transaction or to represent any one else, but in fact was acting under the orders of Isenbeck, who was a party to the whole scheme. In pursuance of the defendants' plan the Alvords told their principal, Merriman, that to carry out the bargain he also should convey to Simonds as a conduit what he understood that he was to give the plaintiff, and Merriman did so. As the last step Simonds conveyed the plaintiff's property to Merriman, and so much of Merriman's property as the plaintiff understood that he was to receive, to the plaintiff, but conveyed the Circuit Road lots to Henderson for the benefit of the conspiracy. Neither the plaintiff nor Merriman found out the truth until the conveyances had been made.

One or two minute verbal criticisms are made upon the declaration, as to which it is enough to say that if it is desired to waste time on such trifles attention must be called to them specifically in the demurrer. *Steffe* v. *Old Colony Railroad*, 156 Mass. 262. The chief one is that the allegation that " relying upon the good faith and honesty of his agent and broker, the defendant Hovey, the plaintiff was induced to accept said supposed offer," etc., is not a sufficient allegation that the plaintiff relied upon Hovey's false and fraudulent statement of Merriman's highest offer, which is recited and alleged to have deceived the plaintiff in the two preceding sentences of the declaration. The whole frame of the plaintiff's declaration is directed as plainly as possible to the one purpose of alleging this fraud and its success. *Windram* v. *French*, 151 Mass. 547, 552. In *Colt* v. *Learned*, 118 Mass. 380, the declaration showed on its face that it could not be sustained on general demurrer, and that objection was held to be open, after what was equivalent to joinder in demurrer, although the particulars of the defect were not set forth as required by statute. But there is no suggestion that joinder in a general demurrer opens to the defendant objections of form when the meaning and intent of the declaration are plain. The contrary is settled by the above and other cases.

The substance of the demurrer, so far as serious, is that the plaintiff received all that ever was promised to him, and that he does not allege an actionable tort. But the answer to this is not hard to find. For a broker employed to sell land to understate to his principal an offer which he has received, with intent to appropriate, or to help some one else to appropriate, the difference between the amount as he states it and the amount actually offered, is an actionable wrong, if the fraud succeeds, for which substantial damages can be recovered in case they can be proved. The action is not brought to follow a fund to which the plaintiff has a claim into the defendant's hands, but is brought without regard to where the fund may be for the agent's fraudulent act. It is true that but for the contract of agency the concealment and misrepresentation might not be a tort. But there are other cases in which a tort is said to spring out of a contract. In the old law a breach of warranty was a deceit, although innocent. *Norton* v. *Doherty*, 3 Gray, 372, 373. A carrier is liable in tort by reason of the bailment and his calling. Hutchinson, Carriers, (2d ed.) §§ 738–740. Whether an act is tortious or not always depends upon the circumstances, of course, and it hardly needs remark that the circumstance of confidential relations should give wrongful character to an act that in a different situation, for instance, that of buyer, would be untouched by the law. See *Boston* v. *Simmons*, 150 Mass. 461; *Russel* v. *Palmer*, 2 Wilson, 325; *Marzetti* v. *Williams*, 1 B. & Ad. 415, 424; *Greenfield Savings Bank* v. *Simons*, 133 Mass. 415 (tort or contract).

If the act of the agent was a tort, those who conspired with him and helped him to commit it are jointly liable, and it is not necessary to consider whether the law would have been different had the object been merely to procure a breach of contract. *Boston* v. *Simmons*, 150 Mass. 461, 465. *Livermore* v. *Herschell*, 3 Pick. 33. See *Walker* v. *Cronin*, 107 Mass. 555.

The question whether the plaintiff shows substantial damages may as well be considered in connection with the demurrer as elsewhere. He is entitled to recover for the injury which he has sustained, *Boston* v. *Simmons*, 150 Mass. 461, 466, and it remains to be decided whether the injury alleged and proved, namely, the failure to receive the Circuit Road lots, is too specu-

lative and remote, — as has been held when a testator was in-
duced by fraud to alter a will in favor of the plaintiff. *Hutchins*
v. *Hutchins*, 7 Hill, 104. We are of opinion that the case is re-
lieved from difficulty by the fact that Merriman actually trans-
ferred the Circuit Road lots as part of the price. There is no
longer any element of speculation about the matter, — the price
was paid, and if the defendants had not combined in a fraud,
the plaintiff would have received it. On this state of facts we
think that he is entitled to the value of those lots as the amount
of which he was deprived by the defendants' wrong, that being
the difference between what he did receive and what he ought
to have received. It does not matter that the plaintiff had no
title to the lots. To defeat a man of a sufficiently certain gain
is to inflict a loss which the law can recognize. See *Johnston* v.
*Faxon*, 172 Mass. 466. The rule of damages which we adopt is
more nearly sanctioned than opposed by the cases cited by the
defendants. *Maynard* v. *Pease*, 99 Mass. 555. *Greenfield Sav-
ings Bank* v. *Simons*, 133 Mass. 415. *Austill* v. *Crawford*, 7 Ala.
335, 342. *McMillan* v. *Arthur*, 98 N. Y. 167, 170. See also
*Hamilton* v. *Cunningham*, 2 Brock. 350, 366.

The demurrers having been overruled and the case having
gone to trial, a multitude of exceptions was taken. Of those
bearing on evidence only three or four now are insisted upon,
and they may be disposed of in a few words. Merriman prop-
erly was allowed to testify that he intended the Circuit Road
lots to go to the plaintiff, and that he had no idea that Simonds,
to whom he conveyed, was a *bona fide* purchaser. The evidence
that in conveying them he supposed that he was paying the
plaintiff part of his price established one part of the fraud, as a
fraud upon Merriman was a step necessary to accomplishing the
fraud on the plaintiff, and further, the evidence also showed the
certainty that the plaintiff would have got the lots but for this
fraud. On the same principle the evidence of Merriman's
lawyer Morse was admissible that he first knew after the papers
were passed that the lots were not going to the plaintiff. It was
proper also to prove that the Alvords without the knowledge of
Merriman received money from Isenbeck through the hands of
Hovey, as a part of their secret plan.

Of the nearly thirty requests for rulings the only one argued

is, that, under the declaration, if Hovey was innocent of actionable wrong, the verdict must be for the defendants. This was given in these words: "If Emmons's agent acted in entire good faith, and the job was put up on him instead of on Emmons, then Emmons has no claim against this party." It is suggested that the words assume that there was a fraud. But in the first place, such an assumption would do the defendants no harm under the instruction if Emmons was not a party to it, and then obviously the phrase was intended only to express Hovey's innocence in a vivid form. If it was objected to as containing an assumption, attention should have been called to the specific ground, as that objection would not be likely to occur to any one without notice.

A portion of the judge's charge, filling more than two quarto pages of print, is stated to have been excepted to. It is only a portion, and for this reason as well as for the well known rules of our practice, vague objections to certain paragraphs as not stating the material issues are not open. The same answer must be made to various verbal criticisms on the charge, without implying that there is anything in them. *Rock* v. *Indian Orchard Mills,* 142 Mass. 522, 529. *Commonwealth* v. *Meserve,* 154 Mass. 64, 75. See *Curry* v. *Porter,* 125 Mass. 94. The only points requiring notice are with reference to the rule of damages and to Merriman's understanding as to what he was to pay. These we have disposed of above.

One or two other matters of evidence and some other requests for rulings are argued on behalf of Isenbeck, but he does not appear to have joined in the bill of exceptions. There is nothing in any of the points which we pass over which strikes us as important.

The defendants ask leave to prove another bill of exceptions to an order granting a new trial to Simonds and Henderson and refusing it to the remaining defendants, provided the plaintiff should waive all damages above $5,000 before February 5, 1900. The order was passed on January 12, the plaintiff discontinued against Simonds and Henderson and filed his waiver under the order on January 31, and the exceptions are alleged to have been filed within twenty days from January 31, but are not alleged to have been filed within twenty days from January 12.

It is argued that the defendants did not know whether they were aggrieved until January 31.   But they knew of the order and were aggrieved when it was passed, if ever.   This bill of exceptions was filed too late, and cannot be proved.

> *Demurrers overruled; exceptions overruled; petition to prove exceptions dismissed.*