VOS v. CHILD, HULSWIT & CO.

1. DAMAGES—STOCK AND STOCKHOLDERS—SALES.
   For breach of a contract of sale of corporate stock which advanced in price after refusal to deliver, plaintiff is entitled to recover his loss upon the basis of the highest market price reached by the stock after the time for delivery during the period which he might reasonably require to purchase other shares on the market.

2. SAME.
   The question what was a reasonable time is for the jury if the facts are in dispute or different inferences may reasonably be drawn from the proofs.

Error to Kent; Perkins, J.  Submitted February 8, 1911.  (Docket No. 138.)  Decided July 26, 1912.

Assumpsit by Richard Q. Vos against Child, Hulswit & Company for breach of a contract of sale of corporate stock.  A judgment for plaintiff upon a verdict directed by the court for less than the amount claimed is reviewed by plaintiff on writ of error.  Reversed.

*Smedley, Hall & Gillard,* for appellant.

*Hyde, Earle & Thornton,* for appellee.

Bird, J. This is an action in assumpsit in which plaintiff seeks to recover damages for defendant's failure to deliver to him 20 shares of American Light & Traction stock, which he claims to have purchased of it and paid for on the 12th day of March, 1909. The stock advanced in price the next day, and defendant refused to deliver it to the plaintiff until he paid the advanced price. Plaintiff refused to do this, claiming that he had purchased it at $1.44 or $2,880. After several unpleasant interviews over the transaction, plaintiff demanded his stock or his money, and the money was returned to him on March 31, 1909. On this date the stock was very much higher than it was on March 12th. Plaintiff at once commenced this action to recover for lost profits. When the case was ready for trial, counsel for the respective parties made opening statements to the jury. Upon these statements the trial court directed a verdict for the plaintiff for $20. It was assumed by the court that the contract was a valid one, as claimed by the plaintiff, and his reason for assessing the damages at $20 was because the stock could have been purchased the following day at $1.45 or at an advance of $20. It was the view of the court that plaintiff should have accepted the offer made to him on the following day and purchased the stock at $1.45, and then sued to recover the difference between that sum and the contract price in order to satisfy the rule that, where one suffers from a breach of a contract, he must so act as to make his damages as small as he reasonably can. Defendant has not appealed, and finds no fault with the judgment.

The only error plaintiff assigns is upon the rule of damages laid down by the trial court. This is the one question that is raised for the consideration of this court. Plaintiff concedes that the court gave the true rule of damages for a failure to deliver personal property, but he insists that that rule is not the proper one to apply where

the breach counted upon is a failure to deliver stock; but in such case the plaintiff is entitled to a reasonable time after the breach to purchase the stock himself, and that he is entitled as damages to the difference between the contract price and the highest value of the stock during such reasonable time. There is much support in favor of this contention. In several of the States the ordinary rule of damages for a failure to deliver personal property seems to have been enlarged in the case of a failure to deliver stocks in accordance with the contract. This exception to the general rule and the reasons which gave rise to it are well stated by Mr. Justice Sanborn in *McKinley* v. *Williams*, 74 Fed. 94, 20 C. C. A. 312:

"Compensation is the general standard for the measure of damages. It is the actual and proximate loss caused by the wrong for which the plaintiff is entitled to indemnity. Hence the general rule is that the measure of damages for the failure to deliver property according to the contract, or for its conversion, is the value of the property at the time it was to be delivered, or at the time it was converted. This general rule, however, has been found inadequate to furnish just indemnity for the losses occasioned by the conversion of, or the wrongful failure to deliver, stocks and other properties of like character, the values of which are subject to frequent and wide fluctuations. The general rule gives to the agent, broker, or person in possession of such property that is really valuable, frequent opportunity to convert it to his own use, at a time when its market price is far below its actual value, and thus offers a prize for the breach of duty, while it often leaves the injured party remediless. To prevent this injustice, and to throw the chance of this loss upon him who inflicts, rather than upon him who suffers, the wrong, an exception has been ingrafted upon this general rule. It is founded upon the proposition that he who deprives another of the possession and control of such property ought to assume the risk of the fluctuations in its market value, until its owner, by purchase or sale, can restore himself to the condition in which he would have been if his property had not been wrongfully taken. It rests upon the proposition that the risk of the market during this time should be assumed by the perpetrator, not by

the victim, of the wrong. The exception is that the measure of damages for the failure to sell or to deliver stocks and like speculative property, or for the conversion thereof, is the highest market value which the property attains between the time when the contract required its sale or delivery, or the time of its conversion, and the expiration of a reasonable time, to enable the owner to put himself *in statu quo*, after notice to him of the failure to comply with the contract or of the conversion.   *   *   * Counsel for the appellant argues that this rule should not be applied to this case, because the stock which the appellant obtained never became the property of the appellee, and hence could not have been converted. The answer is that this measure of damages is as applicable to actions upon contracts as to those upon torts. *Barnes* v. *Brown*, 130 N. Y. 372, 382 (29 N. E. 760); *Maynard* v. *Pease*, 99 Mass. 555."

The rule has been much discussed in New York, and has been applied in many cases arising in that jurisdiction. *Baker* v. *Drake*, 53 N. Y. 211 (13 Am. Rep. 507); *Colt* v. *Owens*, 90 N. Y. 368; *Wright* v. *Bank of the Metropolis*, 110 N. Y. 237 (18 N. E. 79, 1 L. R. A. 289, 6 Am. St. Rep. 356). It has also been adopted by the Federal court. *Galigher* v. *Jones*, 129 U. S. 193 (9 Sup. Ct. 335); *Hoyt* v. *Fuller*, 104 Fed. 192, 43 C. C. A. 466; 13 Cyc. p. 172, and cases there cited. In fact, there has been little opposition to the rule in the State courts, except where an attempt has been made to apply it to other personal property which had a fluctuating value.

We are of the opinion that compensation will be more nearly attained by applying the exception to the rule, where damages are sought, as in this case, for a failure to deliver stock. It is quite obvious that the trial court applied the rule of damages usually applied for a failure to deliver personal property, or else he would not have fixed one day as a reasonable time in which plaintiff himself should have purchased the stock.

If the facts surrounding the transaction were in dispute, or if different inferences could have been reasonably drawn from the agreed facts, the question of what was a

reasonable time was one for the jury, otherwise it was a question for the court.   *Wright* v. *Bank of the Metropolis, supra.*

The judgment of the trial court is reversed, and a new trial ordered.

BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred.