ELWYN W. LOVEJOY *vs.* WILLIAM C. BAILEY & others.

Middlesex.   December 4, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* Accounting, To relieve from results of fraud.

In a suit in equity against two individuals and two corporations, it appeared that the individual defendants by a fraudulent scheme had procured possession of the good will and property of a partnership in which the plaintiff was interested and had conveyed them to the defendant corporations, which were organized and controlled by the defendants, and that the corporations did some other business besides that acquired from the partnership and paid salaries to the individual defendants as officers which were not fraudulent or excessive; and a decree was made ordering the defendants to account to the plaintiff for the profits made by the corporations from the business formerly of the partnership. The case having been reserved for determination by this court, a rescript was issued, directing that in such accounting no allowances should be made to the corporations as to one half of the amount paid to the individual defendants as salaries. Thereafter, a final decree was entered, which stated certain amounts to have been the profits realized by the corporations from the partnership business, and, in computing such amounts, the portions of the officers' salaries which were disallowed as payments by the corporations were treated as never having been paid out by the corporations. The plaintiff appealed, contending that the defendants should have been ordered to pay directly to him the portions of the salaries thus disallowed as payments by the corporations. *Held,* that the method of accounting ordered in the decree was correct.

DE COURCY, J.   This is an appeal by the plaintiff and the defendant Fowle from the final decree that was entered after the rescript from this court in *Lovejoy* v. *Bailey,* 214 Mass. 134. It was there decided that the defendants were jointly liable for the losses of the plaintiff Lovejoy, through his interest in the firm of Fowle Brothers and Company; and the decree fixes the amount of such liability, with interest computed to August 12, 1913, at $19,599.46. The contention of the appellants is that as the court, in paragraph 10 of the opinion, allowed to Bailey and Clemson only one half of the salaries paid to them as officers of the Clemson-Bailey Company, and to Bailey and Blendinger one half of the salaries paid to them by the Bailey-Blendinger Manufacturing Company, the other half should be repaid by them outright to Lovejoy and Fowle, as assets of the partnership of Fowle Brothers and Company, and

should not fall back into the profits of the respective companies, to be accounted for as such.

The single justice* ruled on this point, as appears in the memorandum for final decree, as follows: "2. As Bailey and Blendinger are allowed only one half of the amounts they respectively appropriated for salaries the amounts overdrawn fall into the profits; or in other words they are to be charged in the general accounting with these sums as if no overdrafts had been made." He also specifically disallowed "the claim of the plaintiff that the overdrafts on salaries are to be repaid to them outright."

Upon an examination of the record in the former appeal it appears that the master, in his second report, found that the salaries paid were not fraudulent and were proper. In passing upon the exceptions to that report, the single justice said in his Memorandum of Decision: "Ordinarily, I should feel that salaries paid to parties engaged in such a scheme ought to be treated in the same way. But the master has found them to have been not fraudulent nor excessive, but proper, and they were paid for the management as a unit of other property and capital mingled with that of Fowle Brothers and Company in value largely in excess of that taken from the latter company. On the whole, therefore, I am not inclined to hold the defendants chargeable with these amounts, and find no error in the way in which the master dealt with this matter." After the filing of the master's third report, the case came before the full court, and in dealing with this subject the court said, in paragraph 10 of the opinion, already referred to: "The salaries paid to the officers of the two corporations must be treated as if the corporations had not been formed, but the individual defendants had carried on the business directly and in their own names instead of doing so indirectly and under the shelter of the corporate organizations. If that had been so, it would have been for the court to say as a matter of discretion whether anything or how much should be allowed as compensation for their services . . . In these cases, the defendants, whose conduct was wholly wrong, should be allowed no compensation for services in continuing the old business. But the business of the corporations was not wholly that of the old firm. The salaries in question were

---

* *Braley, J.*

not themselves fraudulent and excessive, and were paid for the management of other property and capital mingled with those of the old firm. Something properly may be allowed for this reason. We think it fair under the circumstances to allow one half of the amounts paid for these salaries and no more." In accordance with this decision $6,280 of the salaries paid by the Bailey-Blendinger Manufacturing Company and $6,500 of those paid by the Clemson-Bailey Company were disallowed.

It is clear that the ruling of the single justice on the matter of the disallowed salaries was right, and that the amounts stated in the first four paragraphs of the decree are correct. The master, by the interlocutory decree of August 8, 1906, was directed among other things to state the net profits of the two companies, and also "the proportions of such net profits that may equitably be regarded as derived from the property and business taken from Fowle Brothers and Company as a going business including the good will." In taking these accounts he treated the salaries in question like any other ordinary expense of the business of the companies respectively. If he had disallowed them in part, the sums disallowed would have gone back to the corporation assets from which they were taken; and from the net profits thus increased Fowle Brothers and Company would have received the proportions found due them. Plainly no different disposition is to be made of these sums merely because the disallowance was made by the court instead of by the master.

In computing the amounts stated in the decree we understand that the plaintiff was allowed interest on the good will taken by the Bailey-Blendinger Manufacturing Company, he having elected to take that rather than the smaller amount which he would have received as his share of the additional profits arising from the salaries disallowed. The final decree is in accord with the terms of the opinion of this court, and must be affirmed.

*So ordered.*

*S. E. Qua,* for the plaintiff.

*G. L. Mayberry,* (*G. W. Norris* with him,) for the defendants William C. Bailey and others.

*G. C. Coit,* for the defendant W. Frank Fowle.