WALTER T. HANNIGAN, administrator, *vs.* OLD COLONY TRUST
COMPANY & others.

Suffolk.    March 21, 22, 1917. — June 5, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* To relieve from fraud. *Equity Pleading and Practice,* Appeal.

In a suit in equity, after a decision by this court, upon a reservation of the suit
upon the pleadings and an agreed statement of facts, that the defendant should
carry out a certain agreement by the delivery to the plaintiff of certain shares of
stock in a corporation formed by the consolidation of three corporations, in one
of which the plaintiff was a stockholder, but that the plaintiff should not recover
damages due to the defendant's delay, the agreed statement of facts was dis-
charged and the bill was amended to allege that the entire consolidation plan
was conceived and carried out by certain bankers for their own benefit and for
the benefit of the defendant, and that the plaintiff sought damages by reason
of such fraud. The suit then was referred to a master, who, without a report
of the evidence and by findings not inconsistent with themselves or with each
other, found that no fraud had been practised as alleged, and a decree dis-
missing the amended bill was entered from which the plaintiff appealed. *Held,*
that the decree must be affirmed.

SUBSTITUTED BILL IN EQUITY, filed on December 28, 1914,
and allowed on May 4, 1915, as an amendment to the bill in
*Dreyfus* v. *Old Colony Trust Co.,* which was before this court
and a decision was reported in 218 Mass. 546. The plaintiff in
the substituted bill was the administrator of the estate of the
former plaintiff.

The decision by the court in 218 Mass. 546, was upon a reser-
vation by *Hammond,* J., upon the pleadings and an agreed state-
ment of facts. After that decision, *Loring,* J., allowed a motion
discharging the agreed statement of facts, and thereafter this
amendment by substitution was allowed by *Braley,* J.

This substituted bill alleged many facts not appearing in the
agreed statement, among such allegations being, in substance, the
following: (1) that the consolidation plan was really the creation
of the bankers, drawn in accordance with terms prearranged be-
tween themselves in fraud of the stockholders of the United States
Worsted Company with the twofold purpose of selling to the new

corporation for cash at an excessive price the property of the Silesia Worsted Mills, Inc., in which the bankers or some of them were interested both as stockholders and creditors, and of making a large profit from the acquisition and sale of a considerable part of the company's capital stock; that the defendant members of the committee were selected and appointed by the bankers, and that they acted, in declaring the plan operative and otherwise in carrying it toward consummation, as the agents or dummies of the bankers; that after the organization of the new company the committee, at the request and in behalf of the bankers, submitted to the directors of the new company on November 20, 1912, an offer to sell and convey to it all the assets of the three companies concerned, subject to their respective liabilities, and to furnish the new company $2,240,950 in cash, all in return for its capital stock and the assumption of certain liabilities and expenses, which offer, at the time accepted by said directors, provided for the immediate payment of $1,790,950 and the payment of the balance of $450,000 on or before March 1, 1913; that said $450,000 represented the total amount of cash that could be derived from the subscriptions made by the holders of common stock of the old Worsted Company, if all of that class of shareholders should deposit their common stock under the plan and agree in conformity therewith to pay $15 for each share so deposited; that, in consequence of the agreement which resulted from said offer and its acceptance, the individual defendants became personally obligated to pay to the United States Worsted Company of Massachusetts said $450,000 in cash, which obligation the individual defendants assumed, not in behalf of the depositors under the plan, but at the request and in the interest of the bankers; that, in consideration of the obligation so assumed by the individual defendants, the bankers on the same day (November 20, 1912) made a written agreement with said defendants to save them harmless against said obligation on condition that they should call for payment, in certain instalments to fall due respectively on specified days, of all the subscriptions made by the holders of common shares deposited under the plan, and enforce forfeiture in favor of the bankers against subscribers who failed to make payment of any instalment when due.

The suit was referred to a master. The material facts found

by him are stated in the opinion, where also are described certain exceptions by the plaintiff to his report. By order of *Pierce, J.,* a final decree was entered overruling the exceptions, confirming the report and dismissing the bill with costs to the plaintiff to the date of the previous decision reported in 218 Mass. 546. The plaintiff appealed.

*J. N. Clark,* (*N. A. Elsberg* of New York with him,) for the plaintiff.

*R. G. Dodge,* (*W. H. Best & R. H. Johnson* with him,) for the defendants.

BRALEY, J. The plaintiff's exceptions to the master's report in so far as they rest upon the refusal to make certain findings of fact as requested not having been well taken, only the thirteenth, fourteenth and fifteenth exceptions are before us. *Ginn* v. *Almy,* 212 Mass. 486, 500. *Warfield* v. *Adams,* 215 Mass. 518, 519, 520. But neither the fourteenth nor the fifteenth can be sustained for reasons to be stated in connection with the pleadings, the thirteenth exception, and the master's report, on which our decision must rest.

The history of the plan and agreement for the purchase and consolidation of the three corporations and the formation of a new domestic corporation to acquire the properties, described in the bill and report, and the issuance of its preferred and common stock is so amply narrated in *Dreyfus* v. *Old Colony Trust Co.* 218 Mass. 546, of which the present case as aptly described by the master is a continuance, that a further rehearsal is neither helpful nor expedient. The bill as originally brought by Dreyfus as assignee of one Kahn, a stockholder in one of the old companies, who thus became entitled to certain shares of the second preferred stock of the new company, sought to compel delivery of the stock, and damages against the defendant trust company as depositary, and the individual defendants comprising the committee on reorganization who after consultation with all the interested parties formulated, issued and carried out the plan, on the ground that they wrongfully withheld the shares after having declared the plan operative. The case was submitted on agreed facts, and, after rescript ordering the defendants to deliver the shares but denying damages, the plaintiff, who had come in as administrator, presented a motion setting forth that there were many facts, oral and

documentary, which had not been included, and thereupon the agreed facts were discharged, the amended bill was filed and the case referred to a master under the usual rule, not requiring a report of the evidence. The master finds that the deposits of old stock and subscriptions for blocks of second preferred and common shares of the new company in accordance with the provisions of the plan having been received by the depositary in such amounts as to satisfy the conditions in the agreement relating to the "proportions of assenting stockholders," the committee independently, and not at the request of the bankers who were to participate by furnishing certain funds, announced that the plan had reached the stage where it was successfully workable. The bill alleges in the fourteenth paragraph and the answer admits, that the intestate's assignor accepted the plan, and at the request of the committee deposited with the trust company his shares of preferred stock in the old company duly indorsed for transfer, and received therefor a negotiable certificate of deposit which not only recited the substance of the plan, but contained a stipulation, that by accepting the certificate, he agreed and assented to all the terms and provisions of the plan and agreement of purchase and consolidation. It also should be noticed that this stipulation is in strict accordance with the plan, which contains the provision that by accepting any such certificate "every recipient or holder thereof shall thereby become a party" to this plan and agreement with the same force and effect as though an actual subscriber thereto. By the making of the deposit and the receiving of the certificate, the title to the old stock certificate was under the eighth article of the plan automatically transferred to the committee, who upon presentation of the certificate of deposit were under article two of the plan to issue a certificate for a corresponding number of shares of second preferred stock in the new company.

It having been decided in *Dreyfus* v. *Old Colony Trust Co.*, *supra*, that the refusal to issue such certificate upon demand was unjustifiable, the assignee, and upon his death the plaintiff as his administrator, generally would be entitled to damages which are assessed by the master in his alternative finding in a very substantial amount. *Allen* v. *South Boston Railroad*, 150 Mass. 200, 207, and cases cited. But, as pointed out in *Dreyfus* v. *Old Colony Trust Co.*, *supra*, by article ten of the plan, the committee and their

agents were exonerated in the performance of their duties from all liability for any act or omission, or "for any error of judgment or mistake of fact or law, or in any case except for their own individual wilful malfeasance or neglect." And, their refusal falling far short of "wilful malfeasance or neglect," no personal liability on their part or of the depositary is shown. *Warren* v. *Pazolt,* 203 Mass. 328, 347. *Bradley* v. *Borden,* 223 Mass. 575. Nor if acting in good faith and with reasonable diligence would they be responsible for mistakes in doubtful matters of law. *Mechanics Bank* v. *Merchants Bank,* 6 Met. 13.

The plaintiff however now contends, under the bill as amended, that in withholding the stock the committee were not acting under the plan, but were acting in the interests of the bankers, by whom the consolidation was actually promoted for the purpose of obtaining large personal profits and who to effectuate their design caused the plan to be submitted to the depositors in a form which concealed, suppressed and misrepresented material facts which should have been disclosed, as well as selected and appointed a committee and a depositary who would act in unison with them. If this were true the plaintiff undoubtedly could recover full compensation for a fraud deliberately perpetrated upon the assignor in which the individual defendants were participants and the efficient instruments. *Boston* v. *Simmons,* 150 Mass. 461. *Lovejoy* v. *Bailey,* 214 Mass. 134, 153; *S. C.* 216 Mass. 409. But, as fraud is never presumed, the issue is one of fact with the burden on the accuser. The master after an elaborate review of all the material transactions finds, and the evidence recited including the exhibits annexed to the bill as amended warrants the findings, that there was no fraud nor misrepresentation either in the inception or in the execution of the plan, and that the committee acted in all respects free from domination or undue influence of the bankers. It is for the plaintiff to show that the master's conclusions are erroneous, and that his general finding for the defendants based thereon should be set aside. *Ginn* v. *Almy,* 212 Mass. 486, 499.

Upon reading the entire record it is evident that throughout the reorganization the individual defendants in the performance of their duties were actuated in effectively working out the necessarily complex details by an honest desire to conserve the rights of all parties in interest so that for their common benefit the enter-

prise as planned with the consent of all concerned, might be made successful. The plaintiff having failed to establish the essential allegations of the bill, no ground for relief is shown, and the decree overruling the exceptions, confirming the master's report and dismissing the bill with costs to the plaintiff which had accrued at the date of the rescript should be affirmed.

*Ordered accordingly.*