### WEAVER *v.* COMMERCIAL SAVINGS BANK.

1. CONVERSION — BAILMENTS — MEASURE OF DAMAGES—TRIAL—INSTRUCTIONS.

In an action for the wrongful conversion of corporate stock left with defendant as bailee, the trial court was in error in instructing the jury that if they found in

On measure of damages for conversion of pledged stocks, see note in 43 L. R. A. 768.

222—Mich.—22.

plaintiff's favor the measure of his damages would be "the highest market value of the stock at any time during which it was wrongfully withheld from him;" the correct rule being the highest market price reached by the stock between the time of its conversion and the expiration of a reasonable time to enable him to purchase other shares on the market.

2. SAME—GRATUITOUS BAILEE—DAMAGES—TRIAL—INSTRUCTIONS.
   Where, under plaintiff's theory of the case there was a consideration moving to the defendant for the bailment, the trial court properly refused to instruct the jury that plaintiff's damages were limited to that of a gratuitous bailee.

Error to Kent; Perkins (Willis B.), J. Submitted January 9, 1923. (Docket No. 58.) Decided March 22, 1923.

Case by Stephen A. Weaver against the Commercial Savings Bank for the conversion of certain corporate stock. Judgment for plaintiff. Defendant brings error. Reversed.

*Carroll, Kirwin & Hollway,* for appellant.

*Fred P. Geib,* for appellee.

On March 25, 1921, plaintiff purchased 80 shares of the preferred stock of the Security Mortgage Company at $12.50 per share. There was a bonus of 40 shares of common stock going with the preferred. One Ludwig was the sales agent of the company. On this date plaintiff borrowed of one of the branches of defendant $1,000 to pay for the stock, securing the loan by hypothecating $2,500 of stock of the Guaranty Bond & Mortgage Company. On May 9th, plaintiff and Ludwig went to defendant's branch. It was at lunch time and the branch was in charge of the teller. Plaintiff indorsed his stock in the Security Mortgage Company in blank and left it with the teller. The

arrangement under which the stock was left with the bank furnished the crucial disputed question of fact. It is the claim of the plaintiff that he left the stock with the bank under instructions and with the agreement on the part of the bank that the stock should be retained by the bank until sold by Ludwig, and was not to be delivered to him then unless he left with the bank the money arising from the sale, in which event the money was to be retained by the bank and the amount indorsed on his note.   On the other hand, it is insisted by the teller that no such arrangement was made, that plaintiff indorsed the stock and gave it to him, and that a receipt was given Ludwig for the stock with plaintiff's acquiescence.

Later in the day, Ludwig again called at the branch bank, but transacted his business with another officer, the manager.   To him he presented his receipt for the stock and negotiated a loan upon it for himself in the sum of $200; the receipt was surrendered and the stock placed with the note to which it was collateral. Some time later Ludwig applied for a further loan on this stock.   It was refused.   He arranged with another bank to get the additional money together with the sum necessary to take up his loan with defendant; he hypothecated the stock with such other bank to secure this loan.   Failing to pay his loan at that bank the stock was sold.   The parties are not in accord as to when plaintiff was informed of the surrender of his stock to Ludwig or of its subsequent sale.   The jury accepted plaintiff's version of the transaction and defendant reviews the adverse judgment on this writ of error.

FELLOWS, J. (*after stating the facts*).   But two questions require consideration.   The trial judge instructed the jury:

"If you find for the plaintiff you will proceed to estimate his damages.   The measure of the plaintiff's

damages will be the highest market value of the stock at any time during which it was wrongfully withheld from him."

This instruction is not in accordance with the rule adopted by this court in *Vos* v. *Child, Hulswit & Co.,* 171 Mich. 595 (43 L. R. A. [N. S.] 368), and followed in *Wallace* v. *H. W. Noble & Co.,* 203 Mich. 58. The rule there announced and which is applicable here is that the plaintiff was entitled to recover on the basis of the highest market price reached by the stock between the time of its conversion and the expiration of a reasonable time to enable him to purchase other shares in the market. The instruction in the instant case was erroneous, went beyond this rule and allowed a recovery on the basis of the highest market price during all the time the stock was withheld from plaintiff and evidence was admitted showing the highest market price over an extended period, which period can not be said as matter of law to be a reasonable time within which to repurchase the stock in view of the dispute as to the time plaintiff learned of the conversion. The cases cited fully discuss the rule and the reason for the rule and render it unnecessary to repeat what will be there found.

Defendant's counsel by preferred requests sought to limit defendant's liability to that of a gratuitous bailee. We think these requests were properly refused. If the defendant's theory of the case was true, defendant was not the bailee of the plaintiff but the bailee of Ludwig; if plaintiff's theory was true, defendant was not a gratuitous bailee, there was a consideration moving to it for the bailment. The claim of the plaintiff, if true, established the fact that the stock left with the bank on May 9th became additional security to the bank for plaintiff's loan; it was not to be surrendered except upon payment of the purchase price to the bank, which purchase price was to be

applied on plaintiff's note.   Under these circumstances there was a consideration moving to the defendant and the rules appropriate to the liability of a gratuitous bailee are not applicable.

For the error pointed out the case must be reversed with a new trial.   Defendant will recover costs of this court.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.