PUTNAM *against* WESTCOTT.

THIS was an action on the case, tried before Mr. Justice *Platt*, at the *Oneida* circuit, in *December*, 1817.

At the trial, the plaintiff abandoned all the counts in his declaration, except the one for money had and received to his use. Under that count, he gave in evidence a receipt of the defendant, for ninety dollars, part of the purchase money for a house, &c. in the possession of *Luke Frink*. About the first day of *March*, 1817, he tendered to the defendant the residue of the purchase money, and demanded a deed or title for the premises, which the defendant said he could not give ; the plaintiff then demanded the re-payment of the ninety dollars, which the defendant refused to return. The defendant then offered to prove, that the sale was made by the defendant, as a constable, by virtue of two executions issued out of a Justice's Court against *Luke Frink*, who had only an estate for years in the premises ; and that, on the 8th of *November*, 1813, he, as constable, executed and delivered to the plaintiff a deed of the premises, according to the terms of the sale, by virtue of the said executions against *F.*, who was a tenant for years, and had no other goods and chattels. The judge refused to admit the evidence. The defendant then objected to the plaintiff's right to recover under the count for money had and received, but the judge overruled the objection ; and a verdict was found for the plaintiff, for 116 dollars and 70 cents.

A motion was made to set aside the verdict, and for a new trial.

*J. Lynch*, for the defendant : 1. The evidence offered was material, and ought to have been received. The defendant acted in his office as constable, and the action, if any, should be on the case. *Assumpsit* for money had and received does not lie. (*Potter* v. *Benniss*, 1 *Johns. Rep.* 515.)

*Leasehold* property, or a term for years, cannot be sold under an execution issued from a Justices' Court. By the terms " goods and chattels," used in the act, (1 *N. R. L.* 387. sess. 36. ch. 53. s. 11, 12.) is meant *personal* and *moveable* property, not chattels which savour of the *realty*, and are of a permanent nature. Therefore, where the plaintiff purchased of a constable all the title and interest in a lease for years, of the defendant, on an execution issued by a Justice of the Peace, and paid part of the purchase money, and the constable refused to execute a conveyance of the premises, or return the money paid: *Held*, there being a failure of consideration, that the plaintiff was entitled to recover back the money so paid, in an action for money had and received to his use.

2. A lease or term for years, is nothing but a chattel interest. (2 *Bl. Comm.* 386. 1 *Inst.* 118. 8 *Co.* 173. 3 *Bl. Com.* 417.) It is not a freehold, or real estate. The words used in the form of execution prescribed for Justices' Courts, are the same as in a *fieri facias* in *England.* If, then, this is personal, not real estate, why may it not be sold on an execution issued against the goods and chattels of the defendant? The constable may take all the possession of which the property is susceptible. If he can sell, he may give a deed; but if he cannot execute a conveyance, he can sell all the interest of the defendant, and the purchaser will, at least, be a tenant from year to year. The act shows, that every thing may be sold, except a freehold. (1 *N. R. L.* 387. s. 12.) If a term for years is not liable to be sold on such execution, it should be so declared by the act.

In *Vredenbergh* v. *Morris*, (1 *Johns. Cases*, 223.) this Court held, that a term for years was not bound by a judgment; and, therefore, not lands or tenements.

*N. Williams*, contra: 1. This is like the case where there has been a failure of consideration. It was a special contract made with the defendant, not as an officer, but as a private individual.

2. A constable, under the act for the recovery of debts to the value of 25 dollars, cannot sell an interest in land. It would be inconsistent with the provisions of the act. The first section of the act expressly provides, that the justice shall not have cognizance of any action in which the title to land shall, in any wise, come in question. If the defendant sets up a title to land, the justice is ousted of his jurisdiction of the cause. Special and limited jurisdictions are to be strictly confined; their powers are not to be extended by construction. By the terms " goods and chattels," personal property is always understood. The act (section 12) provides, that the " goods and chattels" are to be taken into the actual custody of the officer, and he is to give five days notice of the sale. And he must return the execution in twenty days, and pay over the money in ten days thereafter. (Section 13.) The 24th section directs the constable to whom an attachment against an absent or absconding

debtor, is issued, to take and safely keep the " goods and chattels" of such person; and provides, that he shall not remove or convey away any such property," if security is given to the plaintiff. These provisions show, that the legislature never contemplated an interest in land as liable to such an execution.    A lease for 900 years, may be as valuable as the fee.

Again ; to allow a constable to sell a term for years, would be incompatible with the act concerning judgments and executions, (1 *N. R. L.* 500. sess. 36. c. 50.) which has no reference to executions issued by a Justices' Court.    No *lands or tenements* can be sold on execution, but in the manner prescribed by that act.    (Section 13.)    The word " tenements," is of very extensive signification, and means something more than a freehold.    It comprehends every thing of a permanent nature which may be holden, as lands held in fee, for life, or for years.    (*Co. Litt.* 6. a.    *Wood's Inst.* 114.    2 *Bl. Comm.* 16, 17.)    A leasehold, therefore, must come within this act; and, if so, it is an interest in land, the sale of which on execution must be regulated by it.

SPENCER, Ch. J. delivered the opinion of the Court.    The first question to be considered is, whether an execution issued under the act for the recovery of debts to the value of twenty-five dollars, can be levied on a leasehold for years ? It was decided by this Court, in the case of *Vredenbergh* v. *Morris,* (1 *Johns. Cases,* 223.) that the act relative to the docketting of judgments, did not extend to, or bind a term for years ; and, accordingly, it was held that the sheriff was justified in returning *nulla bona* upon an execution issued upon a judgment obtained before the discharge of the defendant under the insolvent act, and before his assignment, but which execution was put into the sheriff's hands subsequent to the assignment ; there being no other property whereon to levy, but a term of years, which was held not to be bound by the docketting of the judgment.    It is insisted, that if a term for years is not bound by the statute relative to docketting judgments, which provides that no judgments shall affect any lands or tenements as to purchasers or mortgagees, but from the time of filing the roll and docketting the

NEW-YORK,
May, 1821.

PUTNAM
v.
WESTCOTT.

same, it must be because a lease for years is a chattel interest; and so may be taken and sold under a Justice's execution. The statute (1 *N. R. L.* 393.) provides, that whenever judgment shall be given by a Justice of the Peace, an execution shall be granted thereupon, commanding a constable to levy the debt, damages, and costs, of the *goods and chattels* of the person against whom such execution shall be granted. The real question then is, in what sense the legislature used the words *goods and chattels?* Whether they mean chattels personal only, or chattels generally, including both real and personal? The law fully recognizes the distinction between chattels personal and real. The former division includes moveable things only, as belonging immediately to the person; chattels real are, such as concern and savour only of the realty, as terms for years, &c. and are immoveable. Such interests are chattels real, because of their immobility, and because they have not a sufficient legal and indeterminate duration. I am of opinion that the legislature used the expression "goods and chattels," as regards Justice's executions, in reference to goods and chattels personal. The 12th section of the act (1 *N. R. L.* 394.) provides, that the constable, after taking such goods and chattels *into his custody,* by virtue of such execution, shall advertise, in the manner therein required, in the town *where such goods and chattels shall be taken.* Again, in the 15th section, which prescribes the duty of the constable on attachment, he is required *to attach, take, and safely keep* the goods and chattels of the person against whom the same may be issued; with a proviso, that he shall not remove or convey away any such property, if, &c. These provisions obviously show, that the term "goods and chattels" in this statute means personal and moveable goods, such as might be taken into custody, and not such as are immoveable and partake of the freehold. The usage and practice under the act is to be regarded; for the *jus et norma loquendi* is established by usage. Where the words of a statute are dubious, long usage is a just means of exposition. The meaning of things spoken or written, must be as it has constantly been received to be, by common acceptation. (19 *Viner,* 520. *pl.* 92.) This is believed to be the first instance in which it has been pre-

tended, that a Justice's execution could be levied on a lease- <span>NEW-YORK,<br>May, 1821.</span>
hold interest for years. The authority to levy such execu-
tions on goods and chattels, has existed from the first forma- <span>VIBBARD<br>v.<br>JOHNSON.</span>
tion of the government. It cannot then be doubted that the
constable had no right to sell a lease for years; and con-
sequently he has received the plaintiff's money without any
authority, and the sale made was a nullity. It would seem
that both parties were under a mutual error. The defen-
dant supposed he had a right to sell *Frink's* interest in the
land; and the plaintiff, by becoming the purchaser, must
have thought the defendant had such authority. If, under this
mistake, common to both parties, the defendant had paid over
the money to the plaintiff in the execution, before the mistake
was discovered, I should more than doubt the plaintiff's right
to recover. The plaintiff's equity to recover, would then
be opposed by the injustice of requiring the defendant
to refund. In such a case, I should not consider the
plaintiff as entitled to recover *ex equo et bono*. But it
was not offered to be proved, that the defendant had parted
with the money; therefore taking all that was offered to be
proved as true, still the plaintiff is entitled to recover, as he
has paid his money to the defendant, who, for aught that
appears, still retains it, without right, and without any con-
sideration.

Motion denied.