## NATHANIEL ADAMS vs. THOMAS FRENCH.

An action of covenant for rent does not lie against one in possession of land without some privity of contract. But the evidence to charge one as assignee in such action may be presumptive and consist of acts and admissions without any express indenture. An estate for years may be set off by appraisers upon an execution. The occupant of land is bound by the admissions of the person, under whom he entered, made before his entry.

This was an action of covenant, for that on the 28th day of May, A. D. 1802, the plaintiffs and others, since deceased, being grantees in trust to the society for propagating the gospel in foreign parts, of certain land in Orford belonging to said society, demised the same to W. & W. for ninety-nine years, at $15 per year for the first twenty years, and for the residue of the term at $20 a year; that the said lessees entered, and, June 5th, 1812, assigned what remained of the term to the defendant; and that thereupon the defendant entered and has occupied the premises, but not paid the plaintiff any rent accruing therefrom since his entry.

The defendant pleaded in bar, that the premises were not assigned to him by the original lessees.

Issue was joined on this plea, and at the trial here, Nov. A. D. 1820, it was admitted, that the original lessees in A. D. 1812 had ceased to occupy the premises and that the defendant had entered and since leased them to third persons as his property, which third persons had remained on them under him.

The plaintiff offered to prove, also, that in A.D. 1810, a judgment was recovered by him against one *Jonathan French*, as assignee of the term for rent thereon; and that in A. D. 1812, the defendants extended an execution in his behalf against said Jonathan on said premises as the property of said Jonathan, and that in said extent he acknowledged a delivery to himself of seisin and possession. But this evidence was rejected as incompetent to prove the issue; and a verdict was taken for the defendant by consent, subject to be set aside, and a verdict entered for the plaintiff for the amount of the rent, if the evidence and admissions aforesaid were found on advisement to be sufficient to warrant it.

*P. R. Freeman*, for the plaintiff.

*J. Smith* and *Britton*, for the defendant.

WOODBURY, J.  The pleadings in this case put nothing in issue but the assignment to the defendant.  The rest of the declaration is therefore admitted; and this plea in bar is not supported, if the evidence was competent to show any assignment to the  defendant under the original lessees.  It need not have been directly from those lessees; for any assignment under them, however numerous the intermediate ones, would impose on the defendant the same legal obligations and would in effect be an assignment from them.

It is admitted by the pleadings, that in A. D. 1802, the premises were demised to *W.* & *W.* for 99 years, and, at the trial, it was, also, admitted, that in A. D. 1812, they had ceased to occupy them, and thereupon the defendant entered and since executed sundry sub-leases.  Only a small part of the whole term had then expired; and, without the aid of the evidence rejected, it would deserve much consideration whether the defendant ought not to be charged on these admissions.

It is true, that this action of covenant does not lie without some privity of contract; while debt or a distress lies on mere privity of estate.  *Shep.* 179.—1 *Ch. Pl.* 36, *and auth. there cited.*—17 *John.* 241, *auth. cited.*—1 *Brod. & Bin., Williams vs. Bosanquet.*  But the possession of the defendant soon after the departure of the original lessees, and his exercise of such acts, in sub-leasing,  as would be natural in an assignee, furnish  presumptive evidence of  an actual assignment.  *Peak. Ev.* 267.—2 *Bl. R.* 1228.—5 *Es.* C. 4, *Doe vs. Rickarby.*

The evidence rejected goes far to strengthen this presumption; and, for aught we see, it is competent as acts and confessions of the defendant and of him, under whom the defendant entered, made and done previous to the entry.  1 *Es. C.* 458, *Walker vs. Broadstock.*—2 *D. & E.* 53, *Davies vs Pierce et al.*—1 *John.* 343.—4 *ditto* 234, *Jackson vs. Bond.*—3 *Wheat.* 505, *semb.*  The last judgment and extent offered in evidence were in favor of the defendant himself, and in the extent he expressly admits, that he entered and received possession of the premises under *Jonathan French.*  It is true that the extent purported to set off a fee in the land; but we

have already ruled that notwithstanding a description of an estate larger than was owned, all which a debtor owns in land will pass; and consequently the extent is not void for a misdescription of the quantity of his interest.(1) It has often been ruled, too, that under our statute on levies and extents, any interest in land, though less than a freehold, need not be sold at auction, but may be set off by appraisers;* and consequently the extent is not void, because the interest which actually passed was less than a freehold. The defendant, then, by his extent and entry, makes a virtual admission, that he enters as the grantee of *Jonathan French*, claiming all his interest in the land; and as *Jonathan French* by the prior judgment in favor of the plaintiff against him, admitted that he owned only an estate for years in the land, the defendant obtained only such an estate. Said *Jonathan* being the person under whom the defendant entered, the defendant is bound by his admissions, as to the quantity of his estate,(2) and indeed the pleadings in this case make similar admissions, by not denying that the fee is in the plaintiff in trust and that only an estate for years had been carved out of it. But by the judgment against *Jonathan*, he admitted not only that he owned a mere estate for years, but that he was the assignee of that estate under the original lessees; and the defendant, being as before shown the grantee or assignee of *Jonathan*, must, on the whole circumstances of the case, be deemed, not a mere trespasser or under lessee, but a person, who holds the whole residue of the term that was carved out to the original lessees. *Bac. Ab. Covt. E. R.—Shep.* 179.— 5 *Co.* 16, *Spencer's case.—Doug.* 186, 187, 455.—1 *Ch. Pl.* 36.—1 *B. & P.* 21.—1 *East.* 502.—17 *John.* 66, *Jackson vs. Harrison.* Again, though he holds the estate from his debtor, *in invitum*, by an extent; yet, having entered, he is chargeable in this form of action. *Bac. Ab. Covt. E.*—1 *Barn. and Ald.* 304, *Harris vs. Stevens et al.*

Let the verdict be set aside and a general one entered for the plaintiff, for the amount of rent from A. D. 1812, to the commencement of the action.

(1) Coos Bank vs. Brooks, ante.

(2) Vide authorities ante.

---

* 17 *Mass. Rep.* 440, Montague vs. Gay.—19 *John.* 73, Putnam vs. Westcott.