SullivaN, J.
The plaintiff brought an action of ejectment to recover the possession of five acres of land, to which his lessor claimed title by virtue of a purchase at a constable’s sale. The facts were that the defendant was the owner of a lease of said premises for the term of three years, created bv parol; that a judgment had been rendered against him by a *359 justice of the peace; that an execution had been issued on the judgment, by virtue of which the term had been levied on and sold; and that Binford, the plaintiffs lessor, became the purchaser. The Cause was tried by the Court, and judgment was given for the plaintiff, from which Barr has appealed to this Court.
Eor the appellant, it is contended that a term of yearn can not be sold on an execution issued from a justice’s Court.
*Tlie 46th section of the justice’s act, R. S., 1838, p. 373, provides that executions issued by a justice of the peace shall operate as a lien upon the personal property of the judgment-debtor, &c.; and the 51st section of the same act further provides that in all cases where execution shall issue, jand goods and chattels can not be found to discharge the same, in case it shall be made known to the justice who issued it that the debtor has lands or tenements, the. justice shall, on application, &c., forward a transcript of .his proceedings to the clerk of the Circuit Court, who shall file the same and issue a scire facias thereon, &c.
Every species of property comprehended under the general name gf chattels is, by the statute, made liable to execution on a judgment rendered by a justice. A term of years is a chattel interest. Upon the death of the tenant, it does not descend to his heir, but goes to his executor. In the division of property into real and personal, it is classed among the latter; and in England, upon a fieri facias against the goods and chattels of the debtor, it is liable to be seized and sold.
It is contended that the 51st section of the act, by the use of the word “ tenements,” explains the meaning of the Legislature, and shows that the movable chattels only of the debtoi were intended to be made liable. We can not adopt this construction. Tenement is a word of extensive signification, and in the connection in which it is found in the statute, refers to such interests in real estate as are connected with the freehold, and not included in the term chattels.
The Supreme Court of New York, in the cases of Putnam v. *360 Westcott, 19 Johns., 73, and Merry v. Hallet, 2 Cowen, 497, has decided that terms for years can not be sold on an execution issued from a justice’s Court, but those decisions are founded on the peculiar language of the statute of that State, and in accordance with a long course of practice under it. In this State, the practice, so far as our knowledge extends, has been uniformly otherwise.
H. S. Lane and S. C. Willson, for the appellant.
R. C. Gregory, for the appellee.
Per Curiam.—The judgment is affirmed with costs,