Sᴏʟᴏᴍᴏɴ D. MᴄMɪʟʟᴀɴ, Appellant, *v.* Jᴏʜɴ B. Aʀᴛʜᴜʀ, Respondent.

Where an agent who has purchased property for his principal, as authorized, defrauds the latter by representing that he paid a greater price than he in fact did pay, this does not entitle the principal to surrender the

property to the agent and recover of him the whole purchase-price, he can simply recover the damages sustained by reason of the fraud.

So, also, where an agent in violation of his duty knowingly pays a greater price than the property could have been purchased for, he is liable only for the enhanced price so paid, or, in case he received from the vendor a compensation for effecting the sale, for the amount so received.

(Argued December 24, 1884; decided January 27, 1885.)

· Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 4, 1882, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term. (Reported below, 16 J. & S. 424.) ✓

The complaint alleged, in substance, that plaintiff, at the solicitation of the defendant, and upon his representation that the purchase could be made at a very low figure less than the stock was worth; that he had no interest in the sale, and that he would make the purchase out of friendship for plaintiff; the latter employed defendant to purchase three hundred and fifty shares of the stock of a corporation at $8 per share and gave him the money to make the purchase; that defendant in fact was interested in the sale and received from the vendors a large bonus or commission, or a portion of the profits; and that he did not pay over to the vendors the whole amount placed in his hands, but only paid about $5 per share; that plaintiff on discovery of the fraud tendered back the certificates of stock and demanded the purchase-price paid. Judgment was asked for the full amount paid over to defendant.

The facts, so far as material, are stated in the opinion.

*W. I. Butler* for appellant.

*David J. H. Wilcox* for respondent. Plaintiff cannot recover upon the ground that defendant was his agent. (*Morrison* v. *Thompson*, L. R., 9 Q. B. 480; *Kimber* v. *Barber*, 8 Ch. App. 56; *Carman* v. *Beach*, 63 N. Y. 100.) If an agent has been guilty of misconduct in the business of his principal, as, for

instance, knowingly paying an extravagant price for property purchased in behalf of the principal, he is liable for the damage actually sustained, but for nothing more. (*Hinde* v. *Smith*, 6 Lans. 464; *Whittaker* v. *Hunt*, 6 Weekly Dig. 25; 2 Sedgwick on Damages, 64.) Defendant was not in fact interested in the stock, and as no relation of trust or confidence existed between plaintiff and defendant, the latter was under no obligation to reveal the fact that he was to receive a commission for making the sale. (*Dambmann* v. *Schulting*, 75 N. Y. 55; *Taylor* v. *Guest*, 58 id. 266; *Chrysler* v. *Canaday*, 90 id. 272, 279.) Representations or concealments in regard to value or price will not sustain a charge of fraud. They are covered by the rule of *caveat emptor*. (*Ellis* v. *Andrews*, 56 N. Y. 83; *Chrysler* v. *Canaday*, 90 id. 272; *Furman* v. *Titus*, 40 Super. Ct. 284.)

Ruger, Ch. J. The complaint in this action seems to have been framed upon the theory that the rule of damages in an action by a principal against an agent, who had defrauded him in purchasing property, by representing that he paid a larger price than it was actually obtained for, was upon an offer to surrender the property to the agent, its whole purchase-price. We think this theory is erroneous. The contract of purchase made with Hyde, the vendor of the stock, was precisely the contract which the plaintiff authorized his agent to make, and the principal could not, therefore, rescind that contract by reason of any fraud perpetrated upon him by his own agent, to which the vendor was not a party. Upon the execution of that contract the title to the stock vested in the plaintiff, and there is no principle of law upon which he could compel the agent to assume its ownership and stand the hazard of the speculation. In an action by the purchaser against the agent for such fraud the rule of damages would be those only which he actually suffered from the fraud. This would not necessarily or probably be the price paid for the stock.

Not only, therefore, was the theory of the complaint erroneous, but the evidence and the findings of the court below show

that the defendant was not the agent of the plaintiff, but even if he should be so considered, that no fraud was committed by him, except in abusing the confidence of his employer by paying a larger price for the stock bought than it apparently could have been purchased for. If upon the facts found by the referee such a construction could be put upon them as would make the defendant the agent of the plaintiff, a recovery could have been sustained only for the enhanced price paid by the agent over what the stock could have been purchased for by him, or at least for the amount allowed by the vendor to the agent for his services in effecting the sale ; but this ground of recovery was not only contrary to the theory of the action stated in the complaint, but was expressly disclaimed by the appellant on the trial of the case, as well as on the argument before us. The only possible theory in the case upon which the plaintiff could recover having been disclaimed by him, no alternative is left us but to affirm the judgment.

All concur.

Judgment affirmed.