MAX W. AMBERG and Another, Appellants, *v.* WALTER C. ALLEN, Respondent.

Second Department, November 22, 1923.

Sales — action to rescind sale of stock on ground of fraud — defense that defendant was agent of plaintiffs — proof shows fraud and that defendant owned stock sold to plaintiffs — sale should have been rescinded.

A sale of stock to the plaintiffs, induced by the fraud of the defendant in stating that the stock belonged to others and could only be procured through the defendant's efforts, should have been rescinded in this action therefor, notwithstanding the claim that the defendant is the agent of the plaintiffs, since it appears that the fraud of the defendant was shown and that the stock at the time of the sale was the property of the defendant and was by him transferred to the plaintiffs through their brokers.

APPEAL by the plaintiffs, Max W. Amberg and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 9th day of February, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiffs' case.

*William D. Sporborg,* for the appellants.

*Harry Bijur [Harold H. Herts* and *Victor J. Steinberg* with him on the brief], for the respondent.

MANNING, J.:

The undisputed evidence in this case establishes the fact that the relations existing between the parties were of a fiduciary

character, and that the plaintiffs in purchasing the stock were grossly deceived, if not actually defrauded, by the defendant. The learned trial judge in fact stated that the defendant had committed a fraud upon the plaintiffs; nevertheless, the complaint was dismissed upon the theory that in view of the claim of agency no action for rescission could be maintained. This disposition of the controversy seems to have found support in the case of *McMillan* v. *Arthur* (98 N. Y. 167). An examination of that authority, however, indicates that it is not in point. The relations existing between the parties in that case were simply those of principal and agent, wherein the agent purchased property from a third person for a less sum than he represented to the principal the property could be bought for. In the present case the defendant by false and fraudulent representations, induced the plaintiffs to subscribe for the purchase of certain stock, leading the plaintiffs to believe that the stock was owned by others, and that it was only through his (defendant's) efforts the stock could be procured. This stock was delivered by defendant to the plaintiffs' brokers, who had established a credit on and for the plaintiffs' account. And upon the delivery of such stock the defendant received from said brokers the purchase price thereof, and the amount so paid the defendant was charged to and paid out of plaintiffs' account. The proof would warrant a finding that the stock in question was, in fact, the defendant's own stock, and that it was this very stock that he was selling to the plaintiffs. The situation, therefore, as we have it, is that the defendant was the seller and the plaintiffs were the purchasers of the stock. Under such circumstances, plaintiffs upon the discovery of the fraud, certainly had the right to rescind the contract, disaffirm their dealings with the defendant, tender back to the defendant the stock and to demand from him his ill-gotten gains and their money. The law should and does deal with substance rather than form, and so the mere method of procedure adopted by the plaintiffs in their effort to right a wrong should not be deemed all important. The case was before the court on the equity side, and hence equitable relief should have been granted in the form of such a judgment as the evidence warranted.

The dismissal of the complaint was erroneous, and the judgment should, therefore, be reversed upon the law and the facts, and a new trial granted, with costs to the appellants to abide the event.

KELLY, P. J., RICH, JAYCOX and YOUNG, JJ., concur.

Judgment reversed upon the law and the facts, and new trial granted, with costs to appellants to abide the event.