J. LESTER KINNEY, Respondent, v. W. HARRY GLENNY and Others, Appellants.*

Fourth Department, January 7, 1931.

*Elmer E. Finck* [*James McCormick Mitchell* and *William I. Morey* of counsel], for the appellants.

*Donovan & Raichle* [*Frank G. Raichle, Jr.,* and *Carlos C. Alden* of counsel], for the respondent.

THOMPSON, J. This is an action in equity brought by a customer against his brokers for the rescission of a contract of sale of stock. Plaintiff instructed defendants to buy 500 shares of stock at " 35½ or better." Defendants at once purchased the specified stock of the issuing house which promptly confirmed the sale to the brokers at thirty-five and one-half " less one point concession to you " ($500), upon condition that the amount of the concession be paid back in case any of the stock so sold should be repurchased in the open market at or below thirty-five and one-half per share within sixty days. Defendants immediately confirmed the sale to plaintiff at thirty-five and one-half, plus seventy-five dollars, their commission, but omitted to mention or deduct the concession. Shortly thereafter the stock was delivered and paid for on this basis. The theory of the action, as stated in the complaint, is that when plaintiff ordered defendants to buy the stock for him, defendants themselves then owned it or stood committed for its purchase, and so instead of acting as his agent in the ordering and purchasing of the stock, as they were engaged and agreed to do, they sold him their own property. Fraud is not alleged in the complaint, and on the trial it was expressly disclaimed by plaintiff. Plaintiff has a judgment according to the prayer of his complaint, and defendants appeal.

The only element in this transaction that could take it out of the usual case of a purchase of stock by a broker for his customer is the one point secret concession that was received by defendants, and which in good faith they should have deducted from their bill to plaintiff. (*Knapp* v. *Simon,* 96 N. Y. 284; *Gruman* v. *Smith,* 81 id. 25; *Horton* v. *Morgan,* 19 id. 170; 4 R. C. L. 264.)

The taking of a secret profit by a broker does not make him in law the purchaser of the stock or committed therefor, at least so far as his customer is concerned. In such case the customer is injured in the amount of the undisclosed vails acquired by the agent, and in a proper action he may recover them. (*McMillan* v.

*Arthur*, 93 N. Y. 167; 3 Suth. Dam. [4th ed.] 2927; 1 Clark N. Y. Law of Damages, 530.) The incident does not change the transaction from one of the execution of an order by a broker for his client to one of the sale to the broker individually, and thus on to a sale by the broker of his own property to his customer.

It scarcely need be said that the action is not based upon a claim that defendants were employed by the sellers of the stock unknown to the buyer (*McMillan* v. *Arthur*, *supra*, 169), in which case the customer could rescind (*Cannell* v. *Smith*, 142 Penn. St. 25; 12 L. R. A. 395, and note), or keep the property and recover the commissions on the ground that the broker breached the contract and, therefore, did not act as his agent. (*Roche* v. *Smith*, 176 Mass. 595; 51 L. R. A. 510; *Little* v. *Phipps*, 208 Mass. 331; 34 L. R. A. [N. S.] 1046.) Of course if he elected to rescind, his action would have to be against the seller; it would not lie against the broker, for he would not be the selling owner but his agent. (Williston Cont. § 1532.)

The judgment should be reversed and the complaint dismissed, with costs to appellant. Certain findings of fact and conclusions of law are reversed and disapproved and new findings made and conclusions reached.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.