WILLIAM M. CONNELLY, Respondent, *v.* W. HARRY GLENNY and Others, Copartners Doing Business under the Firm Name and Style of GLENNY, MONRO & MOLL, Appellants.

Fourth Department, June 30, 1931.

· *Elmer E. Finck* [*Heffren J. Cohen* of counsel], for the appellants.

*Harry D. Sanders,* for the respondent.

EDGCOMB, J. Defendants are stockbrokers. On August 28, 1929, acting as agents and brokers for the plaintiff, they purchased for him on the Buffalo Exchange fifteen shares of the capital stock of the Marine Union Investors, Inc. Within a few days thereafter the stock was delivered at the office of the defendants, and they charged against a balance which they were owing the plaintiff the amount which they had paid for this stock. The certificate stood in a " street name," but was indorsed by the broker to whom it had been issued, and his signature was guaranteed, so that a transfer could have been made to plaintiff at any time. This stock, along with other certificates in the same and other corporations which had been purchased by defendants for their customers, was placed in a box kept for that purpose. A specific

certificate for fifteen shares of Marine stock was not allocated, or put aside for the plaintiff, but the number of shares purchased by him was always present in this box, and could, on short notice, have been issued and delivered to him at any time. As a matter of fact, a certificate for the stock purchased was actually made out in plaintiff's name on December 3, 1929, and sent to him by registered mail. On the following day, however, he left it at defendants' office, with a message that he refused to accept it.

Plaintiff asserts that from September 15, 1929, to December second of the same year he repeatedly demanded delivery of said stock, but that the same was not forthcoming.

Claiming the right to rescind this sale because of defendants' failure and neglect to actually turn over to him the stock which he purchased within a reasonable time after demand therefor, plaintiff brings this action to regain the amount which he paid for the stock, together with defendants' commissions, basing his right to recover upon the theory that there has been a failure of consideration for the contract of sale, on which he has advanced the purchase price, and that he is entitled, for this reason, to terminate the contract and get his money back, within the rule laid down in *Flandrow* v. *Hammond* (148 N. Y. 129); *Smith* v. *McCluskey* (45 Barb. 610, 616); *Putnam* v. *Westcott* (19 Johns. 73), and kindred cases. He was successful in the court below. We fail to see how the judgment can be upheld.

The relation which existed between plaintiff and defendants was that of principal and agent, and not of buyer and seller. Defendants were not selling their own stock; they were acting as brokers for the plaintiff. The stock was not bought on a margin; it was an out and out sale.

The sale, so far as plaintiff is concerned, was complete when the stock was delivered to the defendants. In a transaction of this character delivery of the stock at the office of the broker is delivery to the purchaser, where no other place is specified. Title to the stock passed to the plaintiff when it was left at defendants' office.

It is true that the defendants were bound, upon demand, to turn over to the plaintiff the stock which he had purchased, and if they failed so to do they would be liable to the plaintiff for any damages sustained by him because of such breach of duty on their part. There is no evidence here, however, that plaintiff sustained any such damage, and he does not seek to recover or to sustain this judgment upon any such theory.

Respondent claims a right to compel the defendants to pay back to him the entire amount he paid to the seller for this stock. The trouble with such a theory is that the right of rescission is confined

to the parties to the contract of sale. As before noted, defendants were not the sellers of this stock: they were only brokers: they acted as plaintiff's agents in its sale. As was said by Mr. Justice Thompson, speaking for this court in *Kinney* v. *Glenny* (231 App. Div. 311): " Of course if he [the purchaser] elected to rescind, his action would have to be against the seller; it would not lie against the broker, for he would not be the selling owner but his agent."

If an agent has violated some duty which he owed to his principal, he is liable for the damage actually sustained by reason of such breach of duty, but for nothing more. (*McMillan* v. *Arthur*, 98 N. Y. 167.)

It must be borne in mind that there is no claim of fraud or duress here, or incapacity on the part of any party to make a valid agreement. The only possible basis for a rescission is an alleged failure of consideration for the contract of sale.

Plaintiff cannot recover upon the basis upon which this action was tried, and as the complaint is not broad enough to permit a recovery upon the theory of damages for failure to deliver to the plaintiff, upon demand, the stock which he purchased, we think that the judgment must not only be reversed, but that the complaint should be dismissed.

All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.