GOLDSMITH, MYER & LOBDELL, INCORPORATED, RE-SPONDENT, v. MILTON M. ADLER, APPELLANT.

Submitted May 29, 1931—Decided October 19, 1931.

For the appellant, *Bilder & Bilder.*

For the respondent, *Pitney, Hardin & Skinner.*

The opinion of the court was delivered by

LLOYD, J.   The action in this case was instituted by the plaintiff below to recover a loss claimed to have been sustained on a re-sale of certain stock which the defendant had ordered purchased, and which, when tendered for delivery, he refused to accept and pay for.   There was a verdict for the plaintiff and from the judgment entered thereon the defendant appeals.

Numerous grounds are urged for reversal but we deem it necessary to discuss only those respecting the instruction to the jury, and so much of the facts of the case as may be necessary to a proper understanding of the charge and its application.

The plaintiff proved a purchase of certain shares of stock of the United Founders Corporation made on an order given

by the defendant for that purpose. It was during the severe fall in prices of October, 1929, when the great mass of securities being sold clogged the machinery of transfer and delayed deliveries. The order was given on October 22d and was complied with by the purchase of a portion of the stock on the 24th and of the balance on November 4th. The stock purchased on November 4th was accepted and paid for by the defendant, but that purchased on October 24th (not having been tendered for delivery until November 18th by reason of the failure of delivery by the seller to the plaintiff) was refused by the defendant on the ground that after the purchase by the plaintiff the defendant, deeming the delay in delivery unreasonable, had canceled the order. Thereupon and after notice to the defendant the stock so refused was sold at a loss, and it was to recover this loss that the action was brought.

The case on the proofs was, as we think, one for the jury under the circumstances on the reasonableness of the time of delivery, and the action of the learned trial judge in so holding was proper, but there was error in the charge which compels a reversal of the judgment.

Among the requests for instruction was one by the defendant to the effect that—

"If plaintiff failed to tender delivery of such shares of stock to defendant within a reasonable time after October 24th, 1929, plaintiff is not entitled to recover any judgment against defendant, but on the contrary defendant is entitled to a verdict in his favor."

Among those presented by the plaintiff was the following:

"If you find from a preponderance of the evidence that on October 24th, 1929, the plaintiff contracted to buy seventy-five shares of the common stock of United Founders Corporation from the New York firm of Steelman & Birkins, that said contract of purchase was in accordance with the defendant's instruction to the plaintiff and for his account, and that plaintiff received no instructions from the defendant to cancel the order until subsequent to the time when plaintiff

received and paid for the shares, then your verdict must be for the plaintiff," and others to like effect and all of which were charged.

It will thus be seen that in the defendant's request recovery by plaintiff was made dependent on whether the delay in delivery was reasonable; in the other that recovery was made possible if the defendant failed to cancel the order before the stock was delivered to and paid for by the plaintiff, regardless of whether the delay in tender of delivery to the defendant was reasonable or otherwise.

Not only does it appear that the instruction was inconsistent, but also that it was clearly harmful to the appellant. He had given an order for the purchase of stock and with this order it was the duty of the plaintiff to comply by rendering delivery within a reasonable time. Failing this, there could be no recovery. The defendant was not obliged to cancel the order, but could refuse the tender (which the plaintiff was obliged to make) if not timely in presentation. 3 *Williston on Contracts* 1826.

We think there was error also in the further instruction that if the order to cancel the order to purchase was not because of the decline of the market, but because of the delay, the verdict should be for the plaintiff; also in the instruction that unless the defendant was damaged by the delay in delivery and the order for purchase was canceled before the purchase by plaintiff, the latter was entitled to recover. The defendant's legal rights were not to be determined by his undisclosed motives on the one hand, nor on the other by the existence of damages or previous cancellation.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.