HOWELL, MACARTHUR & WIGGIN, INC., *v.* MAURICE WEINBERG et al., Appellants.

(Argued October 28, 1932; decided November 22, 1932.)

*Harold W. Turner* for appellants. Plaintiff by failing to disclose to defendants the nature of its agreement with the vendor was unable as a matter of law to act as agent of the defendants. (*Carr* v. *National Bank & Loan Co.*, 167 N. Y. 365; *Wendt* v. *Fischer*, 243 N. Y. 439; *Hecksher* v. *Edenborn*, 203 N. Y. 210; *Silberkraus* v. *Reinhaud*, 221 App. Div. 615; *Howard* v. *McCredie*, 198 App. Div. 49; *McMillan* v. *Arthur*, 98 N. Y. 170; *Meinhard* v. *Salmon*, 249 N. Y. 458.)

*Daniel H. Prior* and *Milton B. Knox* for respondent. The relationship of principal and agent existed at all times between defendants and plaintiff; plaintiff did not buy the stock for itself but bought in conformity to defendants' order as agent for defendants and the defendants were the owners of the same at all times after plaintiff had purchased the stock for defendants' account. (*Knapp* v. *Simon*, 96 N. Y. 284; *Richardson* v. *Shaw*, 209 U. S. 365; *Crusins* v. *Louckheim*, 132 Misc. Rep. 520; *Bibb* v. *Allen*, 149 U. S. 481; *Clews* v. *Jamieson*, 182 U. S. 461; *Grunman* v. *Smith*, 81 N. Y. 25; *Horton* v. *Morgan*, 19 N. Y. 170; *Keller* v. *Halsey*, 202 N. Y. 588; *Hankinson* v. *Vantine*, 152 N. Y. 20; *Folinsbee* v. *Sawyer*, 157 N. Y. 196; *McMillan* v. *Arthur*, 98 N. Y. 167.) Assuming that the 1⅜ was a reduction in price and not a commission, that

is, that plaintiff bought the stock at one price and confirmed it to the defendants at a higher price, the fact remains that plaintiff bought the stock for defendants' account and risk and defendants, therefore, took title to the property. (*Greenwood* v. *Schumacher*, 82 N. Y. 614; *McMillan* v. *Arthur*, 98 N. Y. 167; *Minneapolis Trust Co.* v. *Mather*, 181 N. Y. 205.)

O'BRIEN, J. Plaintiff is a stockbroker and brought this action to recover the sum of $1,850 for twenty-five shares of United Founders Corporation common stock alleged to have been purchased by it as broker for and on account of defendants. By answer and motion to dismiss, defendants raise the point that no agency existed on the part of plaintiff to purchase for and on account of defendants but that the transaction constitutes a sale to defendants by plaintiff as agent for the owner. The issue as stated in the charge was whether plaintiff acted as broker or merely as agent of the owner. Defendants' brief argues that the controlling question is whether plaintiff was the agent of the vendor and acted on its own behalf and was not as matter of law the agent of defendants. Plaintiff's brief urges that the only essential issue is whether plaintiff made the purchase for and on account of defendants at their request and on their promise to pay. A verdict, which necessarily imports that plaintiff acted as broker and as agent for defendants, was rendered for $1,815.06. This amount, lower than the sum demanded in the complaint, is explained by the fact that the jury was warranted in finding that, without defendants' knowledge, the seller allowed plaintiff a commission of $34.94. The sole question of law for the consideration of this court is whether this judgment, unanimously affirmed, is supported by any evidence from which the inference can be drawn that plaintiff acted as agent for defendants.

The evidence, according to plaintiff's version and as credited by the jury, supports the verdict. Ernest E.

Kellogg, manager for plaintiff in its branch office at Troy, informed defendant Maurice Weinberg on September 11, 1929, that United Founders common was selling " around 74 " and suggested that he buy some. Maurice directed plaintiff to purchase twenty-five shares for him and his brother Jerome who then carried a joint account with plaintiff. Kellogg thereupon telephoned the order to the main office of plaintiff at Albany. Its vice-president, Wiggin, according to regular custom, grouped this order with others received by plaintiff and telephoned a buying order for six hundred and fifty shares to the Founders General Corporation in New York at a price of 74. The six hundred and fifty shares were not delivered to plaintiff until November 1 and on that day it drew its check for $47,206.25 in payment therefor. Due to market conditions current during those months, brokerage houses were unable to keep abreast of their work. The certificates for the six hundred and fifty shares delivered to plaintiff by the Founders General were in large denominations. Some were returned to New York to be split up and a few days prior to December 1 plaintiff received one for twenty-five shares. When it tendered this certificate to defendants they refused to accept it. This evidence, credible on its face and believed by the jury, supports the allegations of the complaint. Plaintiff did not own the stock but purchased it for defendants' account. It acted as defendants' authorized agent and not as vendor.

Due to plaintiff's undisclosed relationship with the owner of the stock, nothing except the actual purchase price of the stock can be recovered from defendants. No profit or commission can be allowed. Plaintiff as agent for defendants bought the stock from Founders General Corporation which was an organization for selling shares in the United Founders, American Founders and stocks in allied corporations. Plaintiff in turn acted with other brokers as distributors of stock for the Founders

General and received from it a commission of one and three-eighths per cent. The broker charged the customer no other commission. The stock was ordered by plaintiff for defendants at 74 but the actual price paid was 72⅝. The amount of the judgment based upon plaintiff's expenditure for twenty-five shares at 72⅝ rather than 74 is correct. (*McMillan* v. *Arthur*, 98 N. Y. 167; *Kinney* v. *Glenny*, 231 App. Div. 311; affd., 257 N. Y. 560.)

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.