[Civ. No. 9825. First Appellate District, Division One.—May 12, 1936.]

M. T. EMMERT, Appellant, v. UNITED BANK AND TRUST COMPANY OF CALIFORNIA (a Corporation), Defendant; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Association), Respondent.

A. C. Huston, John Ralph Wilson and Percy Napton for Appellant.

Cushing & Cushing for Respondent.

TYLER, P. J.—Action for the value of certain shares of stock claimed to have been converted. The complaint, which is in two counts, alleges in substance that plaintiff and Mariah L. Emmert made and delivered to defendant United Bank and Trust Company of California their joint and several promissory note for the sum of $6,000 and as security for the payment of the same plaintiff transferred to the bank all his right, title and interest in and to certain shares of stock the certificate for which, through the carelessness of the bank, was lost. The second cause of action alleges that defendants converted the stock to their own use. The value of the stock was alleged to be the sum of $6,250. The answer of defendants denied plaintiff's allegations.

The facts as reflected in the findings are undisputed and show that in November, 1922, the plaintiff M. T. Emmert subscribed for fifty shares of the common stock of A. Meister Sons Company, of the market value of $6,250. Plaintiff made a payment on said shares and contemporaneously therewith executed and delivered to Meister Sons Company his promissory note in the sum of $3,500 for the balance of the purchase price. During the month of December of the same year the note was delivered by the company to defendant United Bank and Trust Company as collateral security for the payment of an indebtedness of said company. When the note was delivered there was attached thereto a certificate representing the fifty shares of stock referred to. Plaintiff's note given for the payment of the stock matured while the same was in the possession of the bank and he made, executed and delivered a renewal note payable to the bank for the same amount, and, upon plaintiff's making and delivering this note,

the certificate evidencing the fifty shares of stock referred to was attached thereto and left on deposit with the bank as security for the payment of said promissory note. The certificate of stock was at no time endorsed by plaintiff. It was understood and agreed by plaintiff, the Meister Company and said bank that when plaintiff paid his $3,500 promissory note the bank would deliver to plaintiff said certificate of stock. In August, 1923, plaintiff paid his indebtedness of $3,500 to the bank and demanded his certificate of stock. The bank refused to deliver the same to him until such time as he paid another promissory note held by the bank on which plaintiff and Mariah L. Emmert were co-makers. Plaintiff agreed to the retention of the certificate until this note was paid. On December 17, 1923, the last-mentioned note was paid in full and a few days later plaintiff demanded a delivery of his stock. The bank informed plaintiff that it had mislaid or lost the certificate and agreed to replace the same, but failed to do so. Plaintiff desired and intended, upon the delivery of his certificate of stock, to at once sell the same for the best obtainable price in the open market. The defendant United Bank and Trust Company was absorbed by the defendant Bank of America, but neither bank has paid to plaintiff the value of his stock or procured for him a new certificate. Plaintiff thereupon brought this action against both banks upon the two causes of action as above recited.

The action was tried by the court sitting without a jury. The court made findings of fact and conclusions of law upon which a money judgment was entered in favor of plaintiff and against defendant Bank of America for $250, the action against defendant United Bank and Trust Company having been dismissed. From the judgment so entered in his favor plaintiff appeals. The appeal is taken on the judgment roll alone. In rendering its judgment the court found, in response to the issues raised by the pleadings, that there had been no conversion of the stock but that defendant had negligently lost the unendorsed certificate and that plaintiff had in consequence been damaged in the sum of $250 and no more. The question here involved is, what is the amount of damage suffered by plaintiff by reason of the withholding from him. after demand made, of his unendorsed shares of stock. It is appellant's claim that the rule of damages set forth in one of the findings is contrary to the law in an action sounding in

conversion. In finding seventeen it is said by the trial court that it is not true that the United Bank and Trust Company converted the said stock, but by virtue of the absorption the Bank of America became liable to plaintiff in the sum of $250, which sum would compensate plaintiff for the expense incident and necessary to the obtaining of a new certificate, and that the cost of obtaining the same was the sum of $250. This finding, it is claimed, is contrary to finding eleven, to the effect that the bank negligently lost the certificate, which is a finding of conversion and entitles plaintiff under section 3336 of the Civil Code to the value of the property at the time of the conversion, together with interest. It is the claim of respondent that the value of the unendorsed certificate, or the cost of obtaining a new one, is the proper measure of damage, and not the value of the shares represented by the certificate; that even in actions for conversion of unendorsed stock certificates, the measure of damages is the same. It has been universally held that the mere negligent loss of an unendorsed stock certificate does not constitute a conversion of such certificate or the shares represented thereby. Finding seventeen, to the effect that there was no conversion, is therefore supported and not in conflict with the further finding that "plaintiff has been damaged . . . in the sum of $250.00 . . . and no more". The general rule is that neither negligence, active or passive, nor a breach of contract, even though it result in injury to, or loss of, specific property, constitutes a conversion. (See Restatement of the Law of Torts, vol. 1, American Law Institute, p. 572 et seq.; 26 R. C. L., p. 1112.) In *Steele* v. *Marsicano*, 102 Cal. 666 [36 Pac. 920], this principle is affirmed. (*Lund* v. *Keeler*, 203 Wis. 458 [233 N. W. 769]; *Bolling* v. *Kirby*, 90 Ala. 215 [7 So. 914, 24 Am. St. Rep. 789].) None of the authorities cited by appellant in support of his contention that the facts here involved constitute a conversion in any manner qualify the rule announced by the above authorities. Thus in *Poggi* v. *Scott*, 167 Cal. 372 [139 Pac. 815, 51 L. R. A. (N. S.) 925], the conversion alleged consisted of the wrongful sale of certain personal property which did not belong to the defendant. Obviously, no question as to the mere negligent loss of the property was involved in the case. In all of the other cited cases the conversion consisted of some affirmative act, and in none of them was mere negligent conduct involved. As above stated, at

the time of plaintiff's demand for the certificate, in December, 1923, the bank did not have the ability to deliver the certificate There was, therefore, no conversion on its part. In *Steele* v. *Marsicano, supra,* it is held a refusal to deliver personal property is not a conversion unless the party has it in his power at the time to deliver the goods. (*Thomsen* v. *Culver, City Motor Co.,* 4 Cal. App. (2d) 639 [41 Pac. (2d) 597]; *Hammond* v. *Du Bois,* 131 Md. 116 [101 Atl. 612].) There being no conversion, plaintiff is not entitled to the damages claimed. He is only entitled, as the trial court found, to a sum necessary to be expended in securing a new certificate by invoking the provisions of section 328 of the Civil Code or by giving the company a surety bond. Plaintiff did not suffer the loss of his stock, but merely the paper evidence thereof. The measure of damage in such a case is not the value of the shares represented by the unendorsed certificate, but, as stated, the cost of securing a new certificate. █ Moreover, plaintiff is in no position to question the amount of damages allowed. The appeal is on the judgment roll alone. There is nothing in the record to show the real value of the stock. For aught that appears it may have become practically valueless, The record, therefore, does not show plaintiff was damaged in excess of the amount awarded. This court is limited in its determination of this appeal to the questions presented by the judgment roll. All presumptions are in favor of the findings of the trial court. The findings support the judgment as entered

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.