**R. BARUCH AND COMPANY, a corporation, Appellant,**

v.

**Herbert SPRINGER, Appellee.**

No. 3027.

Municipal Court of Appeals for the
District of Columbia.

Argued June 25, 1962.

Decided Sept. 18, 1962.

June L. Weiner, Washington, D. C., with whom Bernard Auerbach, Washington, D. C., was on the brief, for appellant.

Gerald Golin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

In this action a customer sued a stockbroker to recover the amount paid by the customer to the broker for the purchase of certain shares of stock which had not been delivered. Judgment went for the customer and the broker has appealed.

From the evidence (little of which was conflicting) the trial court could have found the following facts. On March 7, 1961, the customer placed an order for 200 shares of stock of Permachem Corporation; on March 8 the broker confirmed the order; and on March 13 the customer paid the broker $490.50. The customer requested that the stock be registered either in his name or in the joint names of himself and his wife. About two weeks after placing the order, and frequently thereafter, the customer requested delivery of the stock. On each occasion he was told that the stock was "in transfer." On August 8, 1961, the broker informed the customer that Permachem Corporation was in receivership and the transfer could not be effected. The broker then tendered the stock to the customer in "street name," [1] but the customer refused to accept it and demanded return of the purchase price.

The broker admitted it received the Permachem Corporation stock certificates on March 15 but did not forward them to the Permachem transfer agent until May 25. It offered no explanation for this delay. The broker also admitted it was notified by letter of July 11 that Permachem was in

---

[1] A certificate of stock is in "street name" when it is issued in the name of an individual or firm and endorsed in blank, so that it may be negotiated without further endorsement.

receivership, but did not explain why this information was not conveyed to the customer until August 8.

The trial court found there had been an unreasonable delay by the broker in tendering delivery of the stock, and on this basis allowed the customer recovery of the amount he had paid the broker.

The broker was the agent of the customer.[2] As his agent, the broker was under a duty to execute the customer's order in conformity with the customer's instructions,[3] and to comply with the instructions by tendering delivery within a reasonable time.[4] Here there was a delay of nearly five months from the placing of the order until the tender of delivery. The trial court was justified in finding there was no reasonable excuse for this delay and that the customer properly refused the tender. Furthermore, the tender in street name was at variance with the customer's instructions.[5]

The broker argues that the customer is attempting to rescind a sale, and that a rescission cannot be accomplished in this action, because the broker was not the seller but was only the agent for the purchaser, i. e., the customer. It follows, argues the broker, that if it were negligent in carrying out the customer's order it is liable only for damages resulting from such negligence and that no damages were proved. In support of this argument the broker cites Connelly v. Glenny, 233 App.Div. 198, 251 N.Y.S. 288, and Lund v. Keller, 203 Wis. 458, 233 N.W. 769.

We do not agree that the customer is seeking rescission of a sale. He is seeking rescission of a contract of agency because of the agent's failure to perform his duties under that contract. The law applicable here is correctly stated in Krinsky v. Whit-

mey, 315 Mass. 661, 54 N.E.2d 36, 39, where it was said:

"Where a customer's orders are not executed at all or are executed improperly, * * * the customer may rescind the contract under which he paid his money and recover what he has paid."

Affirmed.

2. Tuckerman v. Mearns, 49 App.D.C. 153, 262 F. 607.

3. Tuell v. Paine, 39 Misc. 712, 80 N.Y.S. 956.

4. Goldsmith, Myer & Lobdell v. Adler, 108 N.J.L. 312, 156 A. 642, 77 A.L.R. 305.

5. Drake-Jones Co. v. Drogseth, 188 Minn. 133, 246 N.W. 664.