Dorothy K. Siegel, Respondent, *v.* McDonnell & Co., Incorporated, et al., Appellants.

First Department, May 10, 1966.

*Lester Kissel* of counsel (*Henry V. Kensing* with him on the brief; *Meyer, Kissel, Matz & Seward,* attorneys), for appellants.

*Arnold A. Weinstein* for respondent.

McNALLY, J. Defendants appeal from a judgment entered on a directed verdict, totaling $194,597.61.

The complaint alleges four causes of action: two as to defendant McDonnell & Co., Incorporated (hereinafter McDonnell), one for breach of contract of agency and the other for conversion of a check; and two against defendant Manufacturers Hanover Trust Company (hereinafter Bank), one for conversion and the other for breach of implied contract in respect of the same check.

McDonnell is engaged in the business of stockbrokerage. In November, 1961 plaintiff deposited $125,000 with McDonnell. Said sum was fully invested for and in behalf of the plaintiff in or about December, 1961. In and subsequent to December, 1961 the account was traded as a margin account. Plaintiff's testimony is she first acquired knowledge in June, 1962 of margin trading in her account when McDonnell demanded margin. Thereupon plaintiff instructed McDonnell to sell 1,800 shares of Celotex stock allegedly held for her account at $16 per share and to remit the proceeds to the plaintiff and to restore to her account the cash and securities as if it were a cash account instead of a margin account. McDonnell counterclaims for $88,030 in the event plaintiff sustains her causes of action on the check, otherwise for $39,800 for advances and expenses in the servicing of plaintiff's account. McDonnell also alleges various defenses including ratification and account stated.

Both sides moved for a directed verdict. Defendants' motion was denied and the plaintiff's granted. The evidence in support of the counterclaims and defenses is compelling. Nevertheless, jury questions are present as to McDonnell's authority and its scope, plaintiff's ratification of the transactions, and account stated. In the circumstances it was error to direct a verdict for the plaintiff. (CPLR 4401; *Callery* v. *Lyons,* 292 N. Y. 15; *Wearever Upholstery & Furniture Corp.* v. *Home Ins. Co.,* 286 App. Div. 93.)

The fourth cause of action against defendant Bank should be dismissed. The Bank was under no express or implied contractual obligation to the plaintiff. (*Henderson* v. *Lincoln*

*Rochester Trust Co.,* 303 N. Y. 27, 31.) The second and third causes of action should also be dismissed. It was the drawer's intention with respect to the check for $39,800 to apply said sum to plaintiff's account with McDonnell. Plaintiff did not have title or the right to possession of the check. (Negotiable Instruments Law, § 28, subd. 3; *Hall* v. *Bank of Blasdell,* 306 N. Y. 336, 344.) We need not at this time pass on the rights and equities between the maker and the named payee.

Since the case may be retried, the question of the proper measure of damages may well arise. Plaintiff authorized the cash purchases. Hence, she may not disaffirm the purchase of the securities for her account prior to the commencement of margin trading. (*McMillan* v. *Arthur,* 98 N. Y. 167.) If it be found that the margin purchases for plaintiff's account were without the plaintiff's authority and the defenses are not sustained, then plaintiff is entitled to damages measured by the difference between the market value of the securities in plaintiff's cash account immediately prior to the margin transactions and the market value of the securities in her margin account at the time plaintiff first acquired knowledge or should have known of the margin transactions. (See *Minneapolis Trust Co.* v. *Mather,* 181 N. Y. 205, 214; *McMorris* v. *Simpson,* 21 Wend. 610, 614.)

The judgment should be reversed, on the law, with costs and disbursements to defendants-appellants, the second, third and fourth causes of action dismissed, and a new trial directed as to the first cause of action.

BOTEIN, P. J., RABIN and STEUER, JJ., concur.

Judgment unanimously reversed, on the law, with $50 costs and disbursements to defendants-appellants, the second, third and fourth causes of action dismissed, and a new trial directed as to the first cause of action.